## PEACOCKE *v.* MAUCK ET AL.

SUPREME COURT.—*Evidence.*—The rule that the Supreme Court will not reverse a judgment upon the weight of conflicting evidence is perhaps rendered more clearly applicable by the fact that two juries have found upon the issue in the same way.

APPEAL from the Harrison Circuit Court.

DOWNEY, J.—This action was brought by the appellant against the appellees and resulted in a judgment for the defendants. The only question presented by the assignment of errors is as to the correctness of the ruling of the court in refusing to grant a new trial on the motion of the plaintiff. Sarah Mauck, one of the defendants, was the widow of one Joseph Charley, deceased, and the administratrix of his estate. She afterward married John Mauck, her co-defendant, who filed his written consent that she should continue to act as such administratrix. Mrs. Peacocke had been the widow of one Samuel H. Keene, who was an attorney, and as such had collected certain claims due to the estate of Charley, placed in his hands by Mrs. Mauck, the administratrix. One Robert Leffler was executor of the will of Keene, and as such, assisted by one Tracewell, who appears to have acted as attorney of both parties, made a settlement with Mrs. Mauck relating to such collections, and paid her a balance found to be due. After the settlement of both estates, the appellant, who is sole devisee and legatee under the will of Keene, and who was again married to one Peacocke, brought this action, alleging in one paragraph that three of the items allowed and paid by Leffler, as such executor, were improperly paid, and in another setting up a claim for money had and received. Among other paragraphs of the answer, the defendants pleaded a general denial. A trial by jury ended in a verdict for the defendants. A new trial was granted, and upon the second trial there was another verdict for the defendants. A second new trial being refused, final judgment was rendered for the defendants.

Passing over the question which is presented by a cross error assigned, whether Mrs. Peacocke can maintain the action, under the circumstances, we have examined the evidence, to see whether the question of fact was or was not rightly decided against her. The evidence as to the main questions involved was mostly the testimony of Tracewell on the one side and Mrs. Mauck on the other. As to one of the items, a former receipt purporting to have been signed by Mrs. Mauck was found and offered in evidence. She denied the execution of this receipt, and there was little evidence to the contrary. As to the other items, there seemed to be nothing new discovered since the settlement was made. The credibility of the witnesses was fairly involved, with the other circumstances bearing on the question. Ordinarily, this court does not reverse a judgment under these circumstances, and perhaps the fact that two juries have found in the same way upon the questions involved would bring the case more clearly within the rule.

The judgment is affirmed, with costs.*

*S. Peacocke, J. E. McDonald,* and *J. M. Butler,* for appellant.

*A. Stephens,* for appellee.

*Petition for a rehearing overruled.