## THE STATE *v.* HANNUM.

LIQUOR LAW.—*Selling Intoxicating Liquor to Minor.*—*Affidavit.*—In a prosecution by affidavit, under section 13 of the liquor law of 1875, (Acts 1875, Spec. Sess. 55) for unlawfully selling intoxicating liquor to a minor, the affidavit was not rendered bad by the fact that the liquor alleged to have been sold was described therein as "intoxicating liquor," and not as either spiritous, vinous or malt liquor.

From the Allen Criminal Circuit Court.

*C. A. Buskirk*, Attorney General, and *S. M. Hench*, Prosecuting Attorney, for the State.

*Stratton & Stratton*, for appellee.

BIDDLE, J.—Prosecution before a justice of the peace by the State against the appellee, for unlawfully selling intoxicating liquor to a minor, founded upon the following affidavit:

"Harry Basler, being duly sworn, deposeth and says, that Daniel Hannum, on the 5th day of January, 1876, at said Allen county, and State of Indiana, unlawfully sold to this affiant, who was then and there a person under the age of twenty-one years, intoxicating liquor, to wit, the quantity of one gill of intoxicating liquor, for the price of ten cents, and further saith not."

Conviction, fine, and judgment before the justice, and appeal to the criminal circuit court, wherein the affidavit, on

motion, was quashed.    The State appeals to this court.    The ground upon which the affidavit was held insufficient was, that it did not describe the liquor as either spiritous, vinous, or malt liquor, as expressed in the section upon which it is based.    This is erroneous.

The second section of the act upon which this affidavit is founded (Acts Spec. Sess. 1875, 55) declares, that "the words 'intoxicating liquors' shall apply to any spiritous, vinous or malt liquors, or to any intoxicating liquors whatever, which is used or may be used as a beverage."    The second section of the act of March 5th, 1859, 1 G. & H. 614, declares the same thing, under which it has been held, that the description of the liquor as "intoxicating liquor," was sufficient in all prosecutions of this kind; indeed, we believe it has been uniformly so held under all our "liquor laws," from the case of *The State* v. *Graeter*, 6 Blackf. 105, to the case of *Burke* v. *The State*, 52 Ind. 522, and from the act of January 20th, 1824 (R. S. 1824, p. 406), to the present statute. With a line of precedents running through so many years to support the rule, it is scarcely necessary at this day to give the reason of it, though it seems very plain.    The act defines what intoxicating liquors shall include; there can be, therefore, no uncertainty about it, and no cause of surprise to the person accused.    And such an allegation falls strictly within the principles of pleading.    There are no more varieties of intoxicating liquors than there are of chairs, hats, gloves, of various animals, or of many other familiar objects; yet any of these may be described in a criminal pleading by their generic terms, and the description would be sufficient. It can not be inferred that the legislature intended that the pleader should describe the liquor, in prosecutions under one section of the act, differently from the description in prosecutions under any other section; but it seems clear, by giving the definition of the prohibited liquors in section second, that it was intended to describe them uniformly as "intoxicating liquors" in all prosecutions under the act.

The judgment is reversed, at the costs of the appellee;

cause remanded, with instructions to overrule the motion to quash the affidavit, and for further proceedings.