HOOPER v. THE STATE.

LIQUOR LAW.—*Indictment.*—*Description of Liquor.*—An indictment for unlawfully selling "intoxicating liquor" need not aver nor describe the particular kind of liquor sold.

SAME.—*Sale for Medicinal Purpose.*—A sale of intoxicating liquor for medicinal purposes is not a violation of any of the provisions of the act of March 17th, 1875, (1 R. S. 1876, p. 869,) relating to the sale of such liquors.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan*, for appellant.

*R. W. Miers*, Prosecuting Attorney, and *C. A. Buskirk*, Attorney General, for the State.

HOWK, J.—At the February term, 1876, of the court below, appellant was indicted, upon the charge, that at Monroe county, Indiana, on the 15th day of January, 1876, he unlawfully sold to a certain person one-half pint of intoxicating liquor, for a certain price, he, the appellant, not being then and there licensed, according to the laws of this State, to sell intoxicating liquor in a less quantity than a quart.

Appellant moved the court below to quash the indictment; which motion was overruled, and appellant excepted. Upon his arraignment, the appellant, for plea to said indictment, said that he was not guilty. The cause was then tried by a jury, in the court below, and a verdict was returned, that the appellant was guilty, and assessing his punishment at a fine of twenty dollars.

On written causes filed, appellant moved the court below for a new trial; which motion was overruled, and appellant excepted. And judgment was rendered upon the verdict, from which judgment this appeal is here prosecuted.

In this court, the appellant has assigned the following alleged errors of the court below, to wit:

1st. In overruling the appellant's motion to quash the indictment; and,

2d   In overruling appellant's motion for a new trial.

Appellant's counsel have discussed, at great length and with much ability, the alleged insufficiency of the indictment in this cause.   The ground of objection to the sufficiency of the indictment is, that it wholly fails to specify the particular kind of intoxicatng liquor, which, it was alleged, the appellant had unlawfully sold.   In the case of *The State* v. *Hannum*, 53 Ind. 335, the court below, on appeal to that court of the cause from a justice of the peace, had quashed the affidavit upon which the appellee was prosecuted for an alleged violation of the provisions of section 13 of " an act to regulate and license the sale of spiritous, vinous and malt and other intoxicating liquors," etc., approved March 17th, 1875, 1 R. S. 1876, p. 869, upon the express ground, that a charge of the unlawful sale of " intoxicating liquor," without specifying by name the particular liquor, was not sufficient.   On appeal of that cause to this court, the judgment of the lower court was reversed.   In the opinion of this court in that case, BIDDLE, J., said:  " It can not be inferred that the legislature intended that the pleader should describe the liquor, in prosecutions under one section of the act, differently from the description in prosecutions under any other section; but it seems clear, by giving the definition of the prohibited liquors in section second, that it was intended to describe them uniformly as 'intoxicating liquors' in all prosecutions under the act."

Upon the authority of the case cited, we hold in this case, that the court below committed no error in overruling appellant's motion to quash the indictment.

The second alleged error, assigned by the appellant on the record of this cause, is, that the court below erred in overruling appellant's motion for a new trial.   Several causes for a new trial were assigned by appellant, in his motion therefor in the court below; but, under the view we have taken of this case, we need only notice the causes assigned as errors of law occurring at the trial,

and excepted to at the time by the appellant. Before considering these alleged errors of law, we may premise that the evidence, the decisions of the court below, and the exceptions thereto, on the trial of this cause, are properly in the record.

The indictment charged, that the appellant had unlawfully sold to George Parks one-half pint of intoxicating liquor, at and for the price of twenty-five cents. We set out George Parks' testimony, which was all the evidence introduced by the appellee on the trial, as a proper introduction or preface to the consideration of the alleged errors of law, of which appellant complains.

George Parks testified: "Some time last winter, about the last of December or first of January, I bought a half pint of whiskey, at Shoemaker & Co.'s drug-store, in the town of Bloomington, Monroe county, Indiana, of defendant. I gave twenty-five cents for it. I had brought a drove of hogs to town, and went into Shoemaker & Co.'s and got it, the half pint of whiskey, of defendant. I am not certain just when I bought it; it was some time along last winter, some time in January or December."

On the trial of the cause, appellant was a witness in his own behalf. We will also set out his testimony, as we think it necessary to a proper understanding of the case. Joseph Hooper, defendant, testified: "I am a clerk in Shoemaker & Co.'s drug-store; was clerking there last winter; had no interest whatever in the drug-store, except as a clerk. I have no recollection of selling the witness, Parks, any liquor last winter, about the time to which he testified. I sold him liquor frequently last winter for medical purposes, but do not know that I remember about the time to which he testified."

Appellant then called George Parks as a witness in his behalf, who testified as follows:

"I am the prosecuting witness in this case; bought whiskey at Shoemaker's drug-store last winter; am not

certain from whom I bought it, but my best impression is, that it was defendant."

It appears from the record, that appellant then offered to prove by the witness Parks that he had been sick, suffering from the ague; that the physicians had prescribed whiskey with quinine for his ague, and that he had been in the habit of buying liquor from Shoemaker's drugstore for his said sickness, and that they at the store knew that fact, and sold to him; would thus buy, and that the whiskey he bought from defendant, as charged, was bought for medicinal purposes. To which the State objected, which objection the court sustained, and to which decision of the court the appellant at the time excepted.

The exclusion of this offered evidence, as error of law occurring at the trial, was assigned as one of the causes for a new trial, in the appellant's motion therefor.

In our opinion, the court below erred in its decision, excluding this offered evidence. It is true, that the act of March 17th, 1875, *supra*, to regulate and license the sale of intoxicating liquors, contains no exceptions, authorizing sales for medicinal or sacramental purposes. But it has been repeatedly held by this court, in construing similar statutes, that the courts will except, from the prohibition of the statute, *bona fide* sales for medicinal purposes. *Donnell* v. *The State*, 2 Ind. 658; *Thomasson* v. *The State*, 15 Ind. 449; *Jakes* v. *The State*, 42 Ind. 473; and *Ball* v. *The State*, 50 Ind. 595.

It seems, indeed, that the court below understood the law to be as we have stated it. For, although the court excluded from the jury the offered evidence, tending to show that the sale mentioned in the indictment was a sale for medicinal purposes, and although, at the close of the trial, there was no evidence whatever before the jury that the sale charged was a sale for medicinal purposes, yet the court charged the jury to the effect, that if they found that the sale was for medicinal purposes, they must find for the appellant.

Appellant assigned, in his motion for a new trial, as errors of law, each of the instructions given to the jury by the court below, but we find no error in these instructions. The sale charged in the indictment was not controverted by the appellant, except in so far as it was charged to be an unlawful sale. He admitted that he had made several sales to the witness, George Parks, of intoxicating liquor, about the time charged in the indictment, but that such sales were for medicinal purposes. When the appellant offered to prove by the witness, Parks, that the particular sale, of which he had testified, was also for medicinal purposes,—the court below erred in excluding the offered evidence. This was error of law occurring at the trial, and was excepted to at the time by the appellant. This error of law was assigned by appellant as a cause for a new trial, in his motion therefor, and for this cause a new trial should have been granted.

And, therefore, in our opinion, the court below erred in overruling appellant's motion for a new trial.

The judgment is reversed, and the cause is remanded, with instructions to sustain appellant's motion for a new trial, and for further proceedings.