## WILLS *v.* THE STATE.

LIQUOR LAW.—*Retailing without License.*—*Indictment.*—*Kind of Liquor.*— An indictment charging the defendant with having sold "intoxicating liquor" in a less quantity than a quart, not having a license so to do, but not specifying by name the particular kind of intoxicating liquor sold, is sufficient.

CRIMINAL LAW.—*Grand Juror.*—*Qualifications of.*—Under the act of March 13th, 1875, 2 R. S. 1876, p. 417, n. 1, "regulating the number of grand jurors," etc., and providing "That a grand jury shall be composed of six reputable freeholders and residents of the county," and repealing all conflicting laws, a reputable householder as such, who is not also a reputable freeholder of the proper county, is not a competent grand juror, either as a member of the regular panel or as a talesman; and the fact that such householder is the owner in fee-simple of real estate in another State does not make him competent to serve as a member of the grand jury.

From the Bartholomew Circuit Court.

*W. Dixon* and *E. Locke*, for appellant.

*T. W. Woollen*, Attorney General, and *W. C. Duncan*, Prosecuting Attorney, for the State.

HOWK, C. J.—In this case, the indictment against the

appellant charged, in substance, that on the 1st day of April, 1878, at Bartholomew county, Indiana, he " did then and there unlawfully sell to one Calvin Butler intoxicating liquor in a less quantity than a quart at a time, to wit, the quantity of two gills of intoxicating liquor, at and for the price of twenty cents, he, the said Peter Wills, not being then and there licensed, according to the laws of the State of Indiana in force at the time, to sell intoxicating liquors at retail in less quantities than a quart at a time, contrary," etc.

To this indictment, the appellant, after his motion to quash the same had been overruled and his exception entered to this ruling, filed a special plea in abatement, in which he alleged, in substance, that William Crippin was one of the panel of grand jurors who found the indictment herein, and that the said William Crippin was wholly incompetent to act as one of the said grand jury, in this, to wit, that said Crippin was not a freeholder of said Bartholomew county, nor of any other county in this State, neither at the time of his selection and summons as said grand juror, nor at the time said indictment herein was found, nor at any time since; that the appellant was not aware, nor in any manner informed, of the pendency of any proceeding to prosecute and indict him for the matters and things in said indictment set forth, nor for any other matters and things whatsoever, until he was arrested by the sheriff of said county upon said indictment, nor was he in custody or under any recognizance whatsoever for the offence alleged in said indictment, nor for any offence prior to the finding thereof; and that the opportunity for challenge to said grand jury, or any of its members, had therefore never been presented to him, for the cause averred herein, nor was he aware of the said incompetency of said Crippin, until the 18th day of November, 1879, the day of the filing of his plea or answer. Wherefore the appellant prayed that the said indictment and prosecution might be abated.

For reply to this special plea in abatement, the State, by its attorney, said that the said William Crippin, in said plea or answer mentioned, was not one of the regular panel of grand jurors, selected by the board of commissioners of said county to serve as the grand jurors of said county, according to law ; but that, at the September term of the court below, there was then and there a vacancy in the said regular panel of grand jurors, and that the sheriff of said county selected the said William Crippin, who was then and there a reputable householder of said county, as talesman to fill said vacancy ; and that the said William Crippin was, at the time of his selection as such grand juror, and since had been, the owner in fee-simple of real estate, in Cumberland county, in the State of Illinois.

To this reply the appellant demurred for the want of sufficient facts therein to constitute a reply, which demurrer was overruled by the court, and to this decision the appellant excepted.

Upon the appellant's plea of not guilty, the issue thus joined was tried by a jury, and a verdict was returned finding him guilty as charged, and assessing his punishment at a fine in the sum of twenty dollars. The appellant's motion for a new trial having been overruled, and his exception entered to this ruling, judgment was rendered on the verdict.

In this court, the appellant has assigned, as errors, the following decisions of the circuit court :

1.  In overruling his motion to quash the indictment ;

2.  In overruling his demurrer to the State's reply to his special plea in abatement; and,

3.  In overruling his motion for a new trial.

1.  The only point made by the appellant's counsel in argument, under the alleged error of the court in overruling the motion to quash the indictment, is that the indictment was bad, because it charged the unlawful sale of " intoxicating liquor," by that name and description, and

did not specify by name the particular kind of intoxicating liquor, which was the subject of such sale. This point has been settled adversely to the position of counsel, in a number of the decisions of this court, construing the provisions of the liquor law of March 17th, 1875, 1 R. S. 1876, p. 869. *The State* v. *Hannum*, 53 Ind. 335; *Hooper* v. *The State*, 56 Ind. 153: and *Coverdale* v. *The State*, 60 Ind. 307. The motion to quash the indictment was correctly overruled.

2. The court erred, we think, in overruling the appellant's demurrer to the State's reply to his special plea in abatement. From the allegations of this special plea it appeared with sufficient clearness and certainty, that the indictment against the appellant, in this case, had not been found by a lawful grand jury. By section 1 of "An act regulating the number of grand jurors, and the manner of their selection," approved March 13th, 1875, which act is still in force, it is provided, " That a grand jury shall be composed of six reputable freeholders and residents of the county." Acts 1875, Spec. Sess., p. 54; 2 R. S. 1876, p. 417, note 1. Before that act took effect and became a law, the act of March 4th, 1852, to limit the number of grand jurors, etc., had been the law of this State for many years. Under section 1 of the old law it was provided,, " That a grand jury shall consist of twelve members, all of whom shall be reputable freeholders or householders of the proper county, and taxable therein." 2 G. & H., p. 431. By section 10 of the said act of March 4th, 1852, it was provided that " A panel of grand jurors may be filled in whole or in part, when necessary, by summoning the requisite number of freeholders or householders of the proper county, under the direction of the court," etc. 2 R. S. 1876, p. 418. By section 4 of the above entitled act of March 13th, 1875, it was provided that "All laws and

parts of laws coming in conflict with any of the provisions of this act are hereby repealed." *Supra.*

It is certain, we think, that after the act of March 13th, 1875, took effect and became a law, reputable householders as such, who were not also reputable freeholders of the county, were not competent grand jurors, either as members of the regular panel or as talesmen. It follows, therefore, that the fact alleged in the State's reply, that said William Crippin was a reputable householder of Bartholomew county, and the further alleged fact, that he was an owner in fee-simple of real estate in Cumberland county, Illinois, did not, nor did either of them, constitute him a competent member of the grand jury which found the indictment against the appellant, in this case. The State's reply was insufficient, and the appellant's demurrer thereto ought to have been sustained.

3. Our conclusion in regard to the insufficiency of the State's reply to the appellant's special plea or answer in abatement renders it wholly unnecessary for us to consider and decide any of the questions arising under the alleged error of the court in overruling the motion for a new trial.

The judgment is reversed, and the cause remanded, with instructions to sustain the appellant's demurrer to the State's reply and for further proceedings in accordance with this opinion.