Hutts v. Shoaf.

---

No. 10,318.

## HUTTS v. SHOAF.

PRACTICE.—*Cause for New Trial.—Assignment of Error.—Supreme Court.*—A ruling of the court, by which the appellant claims he was prevented from having a fair trial, is a cause for a new trial, under the first statutory cause in section 559, R. S. 1881; but such ruling can not be properly assigned as an independent error in the Supreme Court.

SAME.—*Cause for Continuance.—Absence of Witness.—Due Diligence.*—Where a party applies for a postponement of the trial on account of the ab-

Hutts *v.* Shoaf.

sence of a witness, it must be shown by affidavit that he, personally, had used due diligence to obtain the attendance and testimony of the witness; and the fact that he knew the opposite party had caused the witness to be summoned, and believed the witness would attend and testify, does not show due diligence on his part, and does not constitute a sufficient cause for a continuance, under section 410, R. S. 1881.

ASSAULT AND BATTERY.—*Action for Damages.—Competency of Evidence.—Threats.*—On the trial of a civil action for damages, for an assault and battery, where the defendant is a witness in his own behalf, it is not competent to ask him what threats had been communicated to him immediately before the fight, of personal violence to him by the plaintiff, unless it is shown that such threats were in fact made by the plaintiff.

SAME.—*Complaint.—Special Damages.—Evidence.*—In such a case, where the complaint alleges facts, from which special damages must necessarily result, evidence is admissible in regard to such special damages, although no specific amount is claimed, *eo nomine,* on that account.

From the Fountain Circuit Court.

*H. H. Dochterman,* for appellant.

HOWK, C. J.—This was a suit by the appellee against the appellant and two other persons, to recover damages for an alleged assault and battery. The cause was put at issue and tried by a jury, and a verdict was returned, in substance, as follows: "We, the jury, find for the defendant Pearson, and that he is not guilty; and we find for the plaintiff as against the defendant George A. Hutts, and assess his damages and recovery at $500." And the court rendered judgment on the verdict. The appellant's motion for a new trial was overruled by the court, and to this ruling he excepted and appealed from the judgment rendered to this court. Appellant has here assigned errors as follows:

1. The trial court erred in overruling his motion for a continuance;

2. The court erred in overruling his motion for a new trial; and,

3. Appellee's complaint does not state facts sufficient to constitute a cause of action.

The action of the trial court in overruling a motion for a continuance, if erroneous, constituted a reason for a new trial

in the motion therefor, addressed to the court below, under the first statutory cause in section 559, R. S. 1881, in force at the time. As such cause for a new trial, the ruling in question is not properly assigned in this court as an independent error; and, as thus assigned, it would not present here any question for decision. *Westerfield* v. *Spencer*, 61 Ind. 339.

The refusal of the court to grant the continuance was assigned by appellant as cause for a new trial in his motion therefor; and the ruling is properly presented for decision, therefore, under the error assigned upon the overruling of the motion for a new trial. The motion for the continuance of the cause was founded upon the appellant's affidavit, on account of an absent witness, one Jacob Ab. Keller, and was overruled by the court upon the ground that the affidavit did not show that appellant had used any diligence to procure the attendance at the trial of such absent witness. Upon this point the affidavit showed that the appellee, the plaintiff below, had caused a summons to be issued for, and served on, the absent witness, requiring him to appear and testify as a witness on behalf of the appellee, at the trial of this cause; and the affidavit then stated, in substance, that the appellant, knowing that appellee had caused such summons to be issued, and believing that the witness, Keller, would obey the summons and be present at the cause, did not take out any summons for Keller or cause him to be served therewith.

In section 410, R. S. 1881, it is provided that "A motion to postpone the trial on account of the absence of evidence can be made only upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it," etc. In this case it is not claimed that any diligence was used to procure the attendance and testimony of the witness, Keller, at the trial; but the appellant has attempted to show in his affidavit an excuse for his failure to use due diligence in procuring the attendance of the witness. The excuse given is, we think, wholly insufficient. The

appellant was not authorized, under the law, to rely upon the fact that his adversary had caused a summons to be issued for and served on the witness, or upon his belief that the witness would obey the process and be present at the trial.   It was competent for the appellee, after the service of the summons on the witness, to excuse him from attendance at the trial; and for this reason, if for no other, the appellant was bound, in the exercise of due diligence, to have the witness summoned to appear and testify in his own behalf.   Under the statute the applicant for a continuance on account of an absent witness must show by his affidavit that he, personally, has used due diligence to procure the attendance of such witness.   The affidavit was not sufficient, and the motion for the continuance was correctly overruled.

Appellant's counsel also insists that the trial court erred in permitting certain questions to be propounded to and answered by the appellee while testifying as a witness in his own behalf, as follows:

"1.  How long were you confined to the house?  Ans. About six weeks.   It pained me bad; could not sleep any at night for three or four weeks.

"2.  State whether or not you had any one to nurse you and dress your wounds?   Ans. Yes; my sister.   I told her I would pay her.

"3.  How much did you agree to pay her, if anything? Ans. Five dollars per week.   It was really worth it.

"4.  How long were you kept from your work?   Ans. Six weeks.

"5.  Did you have a physician to attend you?   Ans. Yes; Dr. McKey."

It is shown by bill of exceptions, that appellant objected to all of these questions before they were answered, upon the ground that "each and all of the questions were incompetent and improper, under the pleadings; that they tended to prove and would prove, if answered, special damages in the cause, and they were not competent for that purpose, because no

special damages were alleged in the complaint to which the questions and answers were competent or relevant." The objections were overruled, and appellants excepted; and the appellee answered the questions as above set forth.

In his complaint the appellee alleged, in substance, among other things, that, by means of the premises, "the plaintiff was then and there greatly hurt, bruised, wounded and disabled, and became and was sick, sore and lame, and so remained and continued for the space of five weeks next following, during all of which time the plaintiff thereby suffered and underwent great pain and suffering, and was hindered and prevented from performing and transacting his necessary affairs and business by him, during that time, to be performed and transacted, and the plaintiff was thereby disabled and maimed for life, and the plaintiff was thereby forced and obliged to, and necessarily did, pay, lay out and expend a large sum of money, in and about endeavoring to be cured of the bruises, wounds, sickness, soreness, lameness and disorder aforesaid, occasioned as aforesaid."

We are of opinion that these allegations of appellee's complaint were sufficiently certain and specific in relation to his injuries, and the extent and character of the damages sustained by him, to render competent and relevant each and all of the questions complained of as erroneous by the appellant. It is true that appellee did not aver that any special amount of damages resulted to him from any specific act or fact charged in the complaint; but the matters alleged were broad and comprehensive enough to admit of all the evidence the appellee sought to elicit by the questions objected to. It will be seen from the allegations of the complaint we have quoted, that they were amply sufficient to apprise the appellant that the appellee claimed and would seek to recover special damages resulting from the assault and battery complained of, on account of the long time he was sick and suffering therefrom and was thereby prevented from transacting his necessary business, and on account of the large sum of money he had

been compelled to expend, and had expended, in endeavoring to be cured of his injuries. These were the resulting damages of which the appellee complained, and it seems to us that they were stated with such particularity as to prevent surprise on the appellant, and to render the questions above quoted wholly unobjectionable. *Lindley* v. *Dempsey,* 45 Ind. 246.

It is shown by a bill of exceptions properly in the record, that, while the appellant was testifying as a witness in his own behalf, on the trial of the cause, his counsel propounded to him the following question:

"State what threats, if any, were communicated to you immediately before the fight, of personal violence to yourself by the plaintiff, Alfred L. Shoaf?"

The appellee objected to the question on the ground that it had not been shown that the appellee had made any threats of personal violence towards the appellant, and it was no defence, nor would it mitigate the damages, to show that such threats were communicated to the appellant, unless it was also shown that the appellee actually made such threats. The court sustained this objection and refused to allow the appellant to answer the question, unless his counsel would say that they expected to show that such threats were actually made, in which event the objection to the question would be overruled; but his counsel declined to say so, and said that they had no witness present to prove the actual making of such threats.

Certainly there was no error, we think, in this ruling of the court. It would be an anomalous decision to hold that the appellee's claim for damages on account of injuries actually sustained could be defeated, wholly or in part, by proof of threats which he had never actually made. The appellee's objections to the question quoted were well taken, and correctly sustained by the court.

We have found no error in the record which would authorize or justify the reversal of the judgment below.

The judgment is affirmed, with costs.