Filed Oct. 2, 1891.

---

No. 363.

## CALLAHAN *v.* THE STATE.

INTOXICATING LIQUOR.—*Retailing without License.*—*Indictment.*—*Description of Liquor.*—In a prosecution under section 5320, R. S. 1881, for retailing intoxicating liquor without a license, the indictment need not allege the particular kind of liquor sold. It is sufficient to allege that the liquor sold was "intoxicating liquor."

From the Jackson Circuit Court.

VOL. 2.—27

*D. A. Kochenour, R. Applewhite* and *J. F. Applewhite,* for appellant.

*A. G. Smith,* Attorney General, and *W. T. Branaman,* Prosecuting Attorney, for the State.

NEW, C. J.—This was a prosecution by indictment against the appellant for selling intoxicating liquor without license. It is charged in the indictment that the appellant, on the 4th day of November, 1889, at, etc., " did unlawfully sell to William H. Lovejoy, at and for the price of twenty cents, a less quantity than a quart at a time of intoxicating liquor; he, the said Thomas Callahan, not then and there having a license to sell intoxicating liquor in a less quantity than a quart at a time."

The appellant moved the court to quash the indictment, which motion was overruled, and the appellant excepted. Upon a plea of not guilty, there was a trial by the court, with a finding of guilty and a fine of $25.

In this court, the appellant has assigned as error the overruling of his motion to quash the indictment.

The ground of objection to the sufficiency of the indictment is, that it does not charge the appellant with selling *spirituous* liquors, nor *vinous* liquors, nor *malt* liquors.

This point has been settled adversely to the position of counsel by the decisions in this State.

Section 5320, R. S. 1881, upon which this prosecution is based, is section 1 of the act of March 17th, 1875.

The question has several times been presented to the Supreme Court of this State, whether in prosecutions for retailing without license, under this section, the particular kind of liquor alleged to have been unlawfully sold should not be named in the indictment. It has uniformly been held that it was sufficient to allege that the liquor sold was " intoxicating liquor." *State* v. *Hannum,* 53 Ind. 335; *Hooper* v. *State,* 56 Ind. 153; *Coverdale* v. *State,* 60 Ind.

307 ; *Garst* v. *State*, 68 Ind. 101 ; *Plunkett* v. *State*, 69 Ind. 68 ; *Wills* v. *State*, 69 Ind. 286.

The judgment is affirmed, with costs.

Filed Oct. 2, 1891.