## VOLDERAUER *v.* STATE OF INDIANA.

[No. 24,387. Filed April 30, 1924. Rehearing denied November 21, 1924.]

1. CRIMINAL LAW.—*Appeal.*—*Assignment of Error.*—*Sufficiency of Affidavit.*—An assignment of error that the facts stated in the affidavit do not constitute a public offense raises no question for review on appeal. p. 418.

2. STATUTES.—*Title.*—*Subject Must be Expressed.*—It is only the subject of the act and not the matters properly connected therewith that need be expressed in the title. p. 419.

3. INTOXICATING LIQUORS.—*Statute Defining Offenses.*—*Sufficiency of Title.*—Acts 1923 p. 108, ch. 34, which is entitled "An act concerning intoxicating liquors" is a sufficient compliance with Const. §19, Art. 4, since that aims only at titles narrower than the enactment; the unnecessary breadth of the title is ordinarily no objection to it. p. 419.

4. INTOXICATING LIQUORS.—*Statute.*—*Transportation Declared a Felony.*—*Surplusage.*—That portion of Acts 1923 p. 108, ch. 34 which relates to the transportation of liquor in a vehicle without the consent of the owner, or when it is mortgaged property, or in which there are firearms, may be regarded as surplusage for it adds nothing to the felony of transportation of liquor in a vehicle. p. 420.

5. INTOXICATING LIQUORS.—*Transportation as Felony.—Unnecessary to Negative Proviso.*—An affidavit charging the commission of the felony of transportation under Acts 1923 p. 108, ch. 34 need not negative the proviso that such prohibition shall not affect the transportation of intoxicating liquor for such purposes or uses as are not prohibited by existing law.  p. 420.

6. CRIMINAL LAW.—*New Trial.—Statutory Grounds.—Insufficient Assignments.*—Grounds for new trial that the "Decision and judgment of the court is not sustained by sufficient evidence"; and "The decision and judgment of the court is not supported by the evidence"; and "The decision and judgment of the court is clearly against the weight of the evidence"; and "The judgment is contrary to the law and the evidence" do not state any of the statutory reasons for new trial (§2158 Burns 1914).  p. 421.

7. CRIMINAL LAW.—*New Trial.—Grounds.—Construction to Come Within Statute.*—The ground for new trial that "The decision of the court is contrary to law" is only sufficient under the statute (§2158 Burns 1914) because the word "decision" will be construed as meaning the same as the word "finding" in the statute.  p. 422.

8. INTOXICATING LIQUORS.—*Transportation.—Sufficiency of Evidence to Convict.*—Evidence that defendant was discovered driving his automobile on a highway and that contained therein were five 5-gallon jugs of white mule whisky and two loaded revolvers, was sufficient to authorize a finding of guilty of transporting liquor unlawfully; if defendant was transporting the liquor for a lawful purpose, that was a matter of defense.  p. 422.

9. CRIMINAL LAW.—*Appeal.—Assignment of Error.—Failure to Rule Not Proper Assignment.*—Failure of the court to rule on a motion for leave to withdraw plea of guilty and refile motion to quash is not a good assignment of error.  p. 423.

10. CRIMINAL LAW.—*Withdrawal of Plea.—Presumption from Action of Court.*—A defendant entered a plea of not guilty and some days later filed a motion to quash the affidavit without withdrawing his plea, but the court entertained the motion to quash and overruled it; defendant renewed the motion after judgment, without a ruling by the court; *held,* that even if seasonably made and overruled, the defendant would not have been harmed since he will be treated as having withdrawn his plea for the purpose of the motion.  p. 423.

11. CRIMINAL LAW.—*Appeal.—Assignment of Error.—Ruling on Motion to Direct Verdict.*—An objection that the court erred in overruling a motion to direct a verdict should be assigned as ground for new trial and not as an independent assignment of error.  p. 423.

12. CRIMINAL LAW.—*Appeal.*—*Assignment of Error.*—*Ruling on Motion to Return Evidence.*—The overruling of a motion to return confiscated liquor to the defendant, made before trial, should not be made a separate assignment of error but should be presented to the trial court as a ground for new trial under the first cause set out in §2158 Burns 1914. p. 423.

13. CRIMINAL LAW.—*Appeal.*—*Assignment of Error.*—*Constitutionality of Statute.*—An assignment of error that an affidavit is based on an act of the legislature which is unconstitutional and void is improper and raises no question. p. 424.

14. CRIMINAL LAW.—*New Trial.*—*Insufficiency of Evidence Should be Made Ground for New Trial.*—That the officers who arrested defendant charged with transporting liquor in an automobile, searched his automobile without a warrant, cannot be urged for the first time on appeal under the specification for new trial that the finding of the court is contrary to law; objection should be made to the evidence when offered and the rulings thereon assigned as causes for new trial. p. 424.

From Putnam Circuit Court; *James P. Hughes,* Judge.

Frank Volderauer was convicted of a violation of the prohibition law and he appeals. *Affirmed.*

*Edward W. Little* and *Earl W. Little,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

GAUSE, J.—Appellant was convicted in the court below upon an affidavit which charged him with unlawfully transporting intoxicating liquor in an automobile, and that he had and kept a loaded gun in said automobile.

Said affidavit is predicated upon chapter 34 of the acts of 1923 (Acts 1923 p. 108).

Said act, including the title, but omitting a repealing clause and an emergency clause, is as follows: "An act concerning intoxicating liquors, and declaring an emergency.

"Section 1. That any person who shall transport intoxicating liquor in any wagon, buggy, automobile, water or air craft, or other vehicle or who shall transport intoxicating liquor in any such vehicle when such vehicle is not owned by said person, or without the consent of the owner of such vehicle, or when such vehicle is mortgaged property, or who shall transport intoxicating liquor in any such vehicle if there be in, or upon such vehicle or upon any person therein any firearms or guns, shall be guilty of a felony and upon conviction shall be imprisoned not less than one year nor more than two years, and fined in a sum not exceeding one thousand dollars ($1,000). Provided, however, That nothing herein contained shall affect the transportation of intoxicating liquor for such purposes or uses as are not prohibited by existing law. And the court trying cases under this section shall not have the power to suspend the sentence provided herein, either upon a conviction or plea of guilty, whenever the defendant shall have been previously convicted or entered a plea of guilty under the provision of this act."

Appellant's first assignment of error is that the facts stated in the affidavit do not constitute a public offense. Since the enactment of 1911 (Acts 1911 p. 415, §348 Burns 1914), such an assignment of error has been held to raise no question. *Robinson* v. *State* (1916), 184 Ind. 208; *Boos* v. *State* (1914), 181 Ind. 562; *Robinson* v. *State* (1912), 177 Ind. 263.

Appellant's second assignment of error is that the court erred in overruling appellant's motion to quash the affidavit. Appellant's contention under this assignment is that the title of said act is not sufficient to cover the matters contained in the body of the act. It is also contended that said affidavit is defective because it does not negative the exception contained in the proviso of said statute.

As to the first contention, it should be remembered that it is only the subject of the act and not the matters properly connected therewith that need be ex-

2. pressed in the title. Art. 4, §19, Indiana Constitution; *Baldwin* v. *State* (1923), 194 Ind. 303, 141 N. E. 343.

The title of the act is, "An act concerning intoxicating liquors, and declaring an emergency."

In the case of *State* v. *Young* (1874), 47 Ind. 150, where the court was considering whether an act which in the title referred to the sale of intoxicating liquors, was broad enough to include a provision relating to public intoxication, the court said: "If the act bore a more general title, indicating that the subject was intoxicating liquors in the abstract, such as 'an act concerning intoxicating liquors,' no reason is perceived why legislation inhibiting the excessive use of them might not be within the title."

The Constitution only requires that a proper subject of legislation should be expressed in the title, and not the particular features or details of the law. *State* v. *Paris* (1913), 179 Ind. 446; *Bright* v. *McCullough* (1866), 27 Ind. 223; *Brandon* v. *State* (1861), 16 Ind. 197. A very general statement of the character of an act may be sufficient to call attention to the nature of the enactment. *Board, etc.,* v. *Albright* (1907), 168 Ind. 564.

The provision of our Constitution above referred to aims only at titles narrower than the enactment. The unnecessary breadth is ordinarily no objection to

3. it. *Moore-Mansfield, etc., Co.* v. *Indianapolis, etc., R. Co.* (1913), 179 Ind. 356, 44 L. R. A. (N. S.) 816, Ann. Cas. 1915D 917.

The title to the law in question expresses the general subject of the act and it is then proper to embrace in the act any matters fairly and naturally germane to

the subject of intoxicating liquors. It would hardly be contended that under a title such as we are now considering it would not be proper to legislate in regard to the sale of intoxicating liquors. It would be just as proper, under the same title to legislate in regard to the transportation of intoxicating liquors. The transportation of intoxicating liquors is a matter properly connected with and concerning intoxicating liquors. The title of said act is sufficient to embrace the matter contained in the body. All of the provisions in the body of said act relate to and prohibit the transportation of intoxicating liquor in vehicles. After prohibiting the transportation of such liquor in *any* wagon, buggy, automobile, water or air craft, or other vehicle, it then prohibits the transporting of such liquor in any such vehicle, without the consent of the owner, or when it is mortgaged property, or in which there are firearms or guns. These latter provisions add nothing to the statute and make no change in the degree of the crime nor measure of punishment. They may be treated as surplusage, for the crime first defined must be charged and proven, to make one guilty of any of the latter provisions.

It may be that if the indictment or affidavit charges any of these latter elements, it would be necessary to prove the same, as being matters of description of the means used, but as to this, we decide nothing. The affidavit in this case charged and the evidence proved that appellant had a loaded gun in said car.

As to the appellant's second objection to the affidavit that it does not negative the exception contained in the proviso, which is as follows: "Provided, however, That nothing herein contained shall affect the transportation of intoxicating liquor for such purposes or uses as are not prohibited by existing law," the rule is well established in this state that where an

offense is created by statute and an exception is made, either by another statute, *or by another substantive clause of the same statute,* it is not necessary for the prosecutor, either in the *indictment* or *by evidence,* to show that the defendant does not come within the exception; but it is for the defendant to prove the affirmative, and which he may do under the plea of not guilty. *Hewitt* v. *State* (1889), 121 Ind. 245, 23 N. E. 83; *Crawford* v. *State* (1900), 155 Ind. 692, 57 N. E. 931; *State* v. *Closser* (1912), 179 Ind. 230, 99 N. E. 1057; *Asher* v. *State* (1924), 194 Ind. 553, 142 N. E. 407.

The affidavit in this case charged the offense in the language of the statute and that the transportation was unlawful, and it was not necessary to anticipate nor negative the exception contained in the subsequent clause.

The third assignment of error is that the court erred. in overruling appellant's motion for a new trial.

The only grounds stated in said motion for a new trial were as follows: "(1) Decision and judgment of the court is not sustained by sufficient evidence. (2) The decision of the court is contrary to law. (3) The decision and judgment of court is not supported by the evidence. (4) The decision and judgment of the court is clearly against the weight of the evidence. (5) The judgment is contrary to the law and evidence."

Each of the above, except the second cause stated, have been held not to be sufficient to raise any question, for the reason that they do not state any of the

6. reasons set out in the statute providing for a new trial. §2158 Burns 1914; *Lynch* v. *Milwaukee, etc., Co.* (1903), 159 Ind. 675; *Hall* v. *McDonald* (1908), 171 Ind. 9; *State, ex rel.,* v. *Davisson* (1910), 174 Ind. 705; *Utley* v. *State* (1924), 194 Ind. 186, 142 N. E. 377.

And the second cause stated is only sufficient because

the word "decision" will be construed as meaning the same as the word "finding" used in the statute.

7. *Parkison* v. *Thompson* (1905), 164 Ind. 609, 3 Ann. Cas. 677.

Appellant insists that there was no evidence showing him guilty of transporting intoxicating liquor in violation of the statute and for that reason the finding

8. of the court is contrary to law. The statute makes the transporting of intoxicating liquor in a vehicle a felony.

The evidence showed appellant was driving his automobile along a public highway in Putnam county late at night. That he lived in Indianapolis and was traveling in that direction. That he had five five-gallon jugs of white mule whisky in said car, and also that he had two loaded revolvers in said car. This was sufficient to authorize the court to find that he was transporting said liquor unlawfully, as charged in the affidavit, in the absence of any evidence to the contrary.

If he was transporting said liquor for any lawful purpose, as authorized by the proviso to said statute, that was a matter of defense, provable under the plea of not guilty, as has often been held by this court. See, *Hewitt* v. *State, supra; Crawford* v. *State, supra; State* v. *Closser, supra; Asher* v. *State, supra.*

There was no evidence offered tending to prove that he was transporting said liquor for any purpose authorized by said proviso.

Appellant entered a plea of not guilty. Fourteen days later he filed a motion to quash the affidavit, without withdrawing his former plea. The court entertained the motion to quash and overruled it. After trial and after judgment, appellant asked leave to withdraw his plea of not guilty and to refile his motion to quash.

It appears from the record that the court did not rule

on this motion. The failure of the court to rule on the same is given as appellant's fourth assignment of error.

This is not a good assignment of error. The assignment of errors is made to bring before this court decisions, rulings or orders made by the court below. If the court has not made a decision, ruling or order, such fact would not constitute a sufficient independent assignment of error on appeal. §2210 Burns 1914, Acts 1905 p. 584.

Even if this motion had been seasonably made and overruled, the appellant would not have been harmed for the record shows that the court entertained his motion to quash and that it was overruled, and under such circumstances he will be treated as having withdrawn his plea for the purpose of such motion. Ewbank, Criminal Law §290; *West* v. *State* (1874), 48 Ind. 483.

Furthermore, we have seen above that the affidavit charged an offense under the statute, so that in any view of the case appellant cannot complain of the failure of the court to rule on his motion.

Appellant's fifth assignment of error is that the court erred in overruling appellant's motion to find him not guilty at the conclusion of the evidence.

Any question relating to the ruling on such a motion should be assigned as a cause for a new trial, and then the ruling on the motion for a new trial assigned as error in this court. *Bane* v. *Keefer* (1899), 152 Ind. 544. This matter was not presented in the motion for a new trial.

Before the trial started, appellant filed a motion asking that the liquor and property taken from appellant at the time of his arrest, be returned to him, on the ground that said property was seized unlawfully, without any warrant. The court over-

ruled this motion and appellant assigns this ruling as a separate assignment of error.

If the ruling on this motion had any effect upon the finding or judgment in this case, it would be because it prevented appellant from having a fair trial. Its only effect, if it had been sustained, so far as the judgment in this case is concerned, would have been to suppress or prevent its use as evidence. It was necessary, in order to save any question, that such ruling should have been set out in the motion for a new trial.

The ruling on this motion clearly came within the first cause set out in the statute regulating motions for new trials. §2158 Burns 1914; *Westerfield* v. *Spencer* (1878), 61 Ind. 339; *Hutts* v. *Shoaf* (1882), 88 Ind. 395; *Collett* v. *State* (1901), 156 Ind. 64.

Such ruling was not assigned as a cause for a new trial and no question can be raised by assigning it as error here for the first time.

The only other assignment of error is that the affidavit was based upon an act of the legislature which is unconstitutional and void. This is not a
13. proper assignment of error, and raises no question. *Standish* v. *Bridgewater* (1902), 159 Ind. 386; *Pittsburgh, etc., R. Co.* v. *Wolcott* (1904), 162 Ind. 399.

There are several ways in which the validity of a law may be raised, but not by an independent assignment of error. We decided, however, in considering the ruling on the motion to quash, that the statute upon which the affidavit was based, is valid as against any objections urged against it by appellant.

Appellant in his brief contends that the evidence was not sufficient to convict him, because the officers who arrested him and searched his automobile had no
14. warrant therefor. If the evidence of the officers was obtained illegally, then proper objection

should have been made to the introduction of such evidence. If such objections were made and overruled, then such rulings should have been assigned as causes for a new trial.

The motion for a new trial sets out no such rulings, and of course, if the court below was not asked to grant a new trial on account thereof, we cannot do so.

There is no assignment of error which properly raises such question.

We have now discussed each assignment of error and finding no error in the record, the judgment is affirmed.

Myers, J., absent.