## FREY *v*. STATE OF INDIANA.

[No. 24,654. Filed April 8, 1925. Rehearing denied June 26, 1925.]

1. INTOXICATING LIQUORS.—*Title of statute prohibiting transportation in a vehicle is sufficient.*—Acts 1923, ch. 34, p. 108, entitled "An act concerning intoxicating liquors, and declaring an emergency" is not open to the objection that its title does not sufficiently cover the subject-matter of the offense of transporting liquor in a vehicle (*Volderauer* v. *State*, 195 Ind. 415, followed). p. 362.

2. INTOXICATING LIQUORS.—*In charging transportation it is not necessary to allege the presence of firearms.*—In charging the offense of transportation under Acts 1923, ch. 34, p. 108, it is not necessary to allege that there were firearms in or upon the vehicle used in transporting. p. 362.

3. CRIMINAL LAW.—*Place of imprisonment need not be specified in penal statute.*—Acts 1923, ch. 34, p. 108, which makes the transportation of liquor in a vehicle a felony and specifies the term of imprisonment and the fine, is not unconstitutional because it does not specify the place of imprisonment, in view of §2317 Burns 1926, §2152 Burns 1914 which directs the jury, in a prosecution for felony, to ascertain the guilt of the accused and his age, and then directs his sentence by the court for an indeterminate period, in the state prison, since all provisions of the criminal code must be construed together. p. 362.

4. INTOXICATING LIQUORS.—*Not necessary to allege alcohol content of liquor.*—It is not necessary, in a prosecution for a violation of the prohibition law, to state in the affidavit that the alleged intoxicating liquor contained more than one-half of one per cent. of alcohol by volume. The use of the words "intoxicating liquor" fully describes the liquor. p. 363.

5. CRIMINAL LAW.—*A verdict in prosecution for felony, except treason and murder need not fix the punishment.*—A motion for a *venire de novo* is properly overruled when a verdict is returned finding the accused guilty as charged in the affidavit, and giving his age, upon a prosecution under Acts 1923, ch. 34, p. 108. Section 2317 Burns 1926, §2152 Burns 1914, directs that the verdict shall be so found for all felonies other than treason and murder, and that the court shall then fix the punishment and the fine. p. 363.

From Vanderburgh Circuit Court; *Frank C. Gore,* Special Judge.

Jack Frey was convicted of transporting liquor in an automobile, and he appeals. *Affirmed.*

*W. D. Hardy,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant was convicted in the court below upon an affidavit charging him with unlawfully transporting intoxicating liquor in a certain

vehicle, to wit: an automobile. The prosecution is founded upon ch. 34 of the acts of 1923, Acts 1923 p. 108.

The cause was tried by a jury and a verdict returned as follows: "We, the jury, find the defendant, Jack Frey, guilty as charged in the affidavit and that he is forty years of age."

Upon this verdict the court rendered the following judgment: "It is considered, ordered and adjudged by the court, that the defendant is guilty of transporting intoxicating liquor as charged in the affidavit. It is by the court therefore ordered that the defendant for the offense by him so committed do make his fine unto the State of Indiana in the penal sum of one hundred dollars ($100); that he be confined in the Indiana State Prison for a period of not less than one year nor more than two years, and that he pay and satisfy the fine and costs herein or stand committed until said fine and cost are paid or stayed."

From this judgment appellant appeals and assigns as error: (1) That the court erred in overruling appellant's motion to quash the affidavit. (2) That the court erred in overruling appellant's motion for a *venire de novo*.

The statute provides, "That any person who shall transport intoxicating liquor in any wagon, buggy, automobile, water or air craft, or other vehicle * * * shall be guilty of a felony and upon conviction shall be imprisoned not less than one year nor more than two years, and fined in a sum not exceeding one thousand dollars. * * *."

The charging part of the affidavit is as follows: "That Jack Frey, on or about the 1st day of February, A. D. 1924, at said county as affiant verily believes, did then and there unlawfully and feloniously transport

certain intoxicating liquor in a certain vehicle, to wit: an automobile, then and there being    *    *    *."

The motion to quash alleges that:    (1) The facts stated in the affidavit do not constitute a public offense; (2) the affidavit does not state the offense with

1.    sufficient certainty.    The appellant claims that the facts stated in the affidavit do not state a public offense because the act upon which it is based is unconstitutional, for the reason that the subject-matter of the act is not embraced in the title.    This question has been fully considered and decided adversely to appellant's claim by this court.    *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674.

Appellant also claims that the affidavit is insufficient because it fails to state that at the time of the alleged transportation of such liquor there was in or

2.    upon said vehicle or upon some person therein any firearms or guns.    This allegation was unnecessary.    *Volderauer* v. *State, supra.*

As a further objection to the affidavit the appellant claims that the act upon which it is based is void because it does not prescribe a place of imprison-

3.    ment.    The act describes the offense as a felony and fixes the punishment at imprisonment for not less than one year and no more than two years and a fine not to exceed $1,000.

Section 2317 Burns 1926, §2152 Burns 1914, provides "that whenever any male person thirty years of age or over shall be on trial for any felony except treason or murder, the court or jury trying the cause shall ascertain only his age and whether he is guilty of the offense charged; and if more than one offense be charged it shall be found of which, if any, of such offenses he is guilty, and of which, if any he is not guilty.    Instead of pronouncing against such defendant a definite term of imprisonment, the court, after such finding or verdict

of guilty, shall pronounce against him a sentence of imprisonment in the state prison for an indeterminate period, stating in such sentence the maximum and minimum limits thereof as such maximum and minimum limits of time for the punishment of such offense are now or may hereafter be prescribed by law."

The act upon which this prosecution is based is a part of the Criminal Code of the state and must be construed with other provisions of the Criminal Code in force at the time it was passed. When so construed there is nothing vague or uncertain about it. The place of imprisonment is fixed and the manner of trial designated. Under the law the jury only find whether the defendant is guilty and his age but do not fix his punishment. The judge fixes not only the punishment as to imprisonment, but as to all other penalties prescribed by the sections of the Criminal Code with a violation of which the defendant was charged. *Miller* v. *State* (1898), 149 Ind. 607, 620, 40 L. R. A. 109.

It is not necessary to state in the affidavit that the alleged intoxicating liquor contained more than one-half of one per cent. of alcohol by volume. Intoxicating liquor in an indictment or affidavit fully describes the liquor in a charge of violation of the liquor law. See, *State* v. *Hannum* (1876), 53 Ind. 335; *Hooper* v. *State* (1877), 56 Ind. 153; *Wills* v. *State* (1879), 69 Ind. 286; *Buell* v. *State* (1880), 72 Ind. 523; *Donovan* v. *State* (1908), 170 Ind. 123; *Gavalis* v. *State* (1922), 192 Ind. 42.

The affidavit is sufficient to withstand the motion to quash.

The appellant made a motion for a *venire de novo* alleging the following reasons: (1) The verdict of the jury is so uncertain, indefinite and ambiguous that no judgment can be rendered thereon. (2) The jury failed to assess the fine. (3) The judg-

ment of the court in assessing the fine against the defendant is erroneous and unfounded and not authorized by the finding and verdict of the jury herein.

For reasons stated in considering the motion to quash the affidavit, the motion for a *venire de novo* was properly overruled. The verdict was in proper form. No other question is presented in appellant's brief.

The judgment is affirmed.