## MARTIN v. STATE OF INDIANA.

[No. 24,815. Filed December 11, 1925. Rehearing denied April 2, 1926.]

1. INDICTMENT.—*Allegations of indictment as to previous convictions in a prosecution for unlawfully transporting intoxicating liquor in automobile held surplusage.*—In a prosecution for unlawfully transporting intoxicating liquor in an automobile in violation of Acts 1923 p. 108, allegations of the indictment in relation-to prior convictions of violating the prohibition law of 1917 were surplusage, as the act of 1923 did not provide for increased penalties for previous convictions. p. 472.

2. PLEADING.—*Judgment will not be reversed for overruling motion to strike surplusage from pleading unless it appears that appellant was, or probably might have been, prejudiced thereby.*—Overruling motion to strike surplusage from a pleading is not cause for reversal unless it appears that the appellant was, or probably might have been, prejudiced by such ruling. p. 472.

3. INDICTMENT.—*Overruling motion to strike out allegations in relation to former convictions was not reversible error where trial was by court and no evidence was introduced as to prior convictions.*—Overruling defendant's motion to strike out parts of indictment in relation to former convictions *held* not reversible error where the trial was by the court and no evidence was introduced as to prior convictions. p. 472.

4. INTOXICATING LIQUORS.—*Indictment held to sufficiently charge the transportation of intoxicating liquor in automobile under Acts 1923 p. 108.*—An indictment charging that the accused "did then and there unlawfully, knowingly and feloniously transport intoxicating liquor in an automobile," being in the language of Acts 1923 p. 108 making it a felony to transport intoxicating liquor in a vehicle, was sufficient. p. 473.

5. CRIMINAL LAW.—*Motion for new trial not filed until more than thirty days after finding or verdict will not be considered on appeal.*—A motion for a new trial not filed until more than thirty days after the finding or verdict presents no question for review on appeal, and the specifications therein will not be considered by the Supreme Court. p. 473.

6. CRIMINAL LAW.—*Motion for a nunc pro tunc entry to show filing of motion for new trial within time granted by statute held properly overruled under circumstances stated.*—A motion for a *nunc pro tunc* entry to show that defendant's motion for a new trial was presented to a deputy clerk for filing within thirty days of the finding, but that such deputy refused

to file it in the absence of the special judge, who, three days later, directed that it be filed, was properly overruled where there was nothing showing the reason for the delay of three days in calling the matter to the attention of the judge or any excuse for the delay of sixteen days thereafter before filing the motion for a *nunc pro tunc* entry.   p. 474.

From Marion Criminal Court (55,810); *Frank A. Symmes,* Special Judge.

Frank P. Martin was convicted of transporting intox-· icating liquor in an automobile, and he appeals. *Affirmed.*

· *Galvin & West* and *Holmes & McCallister,* for appellant.

*Arthur L. Gilliom,* Attorney-General, *Arnet B. Cronk* and *Carl J. Wilde,* for the State.

EWBANK, C. J.—Appellant was charged by indictment with the offense of feloniously transporting intoxicating liquor in an automobile at and in the county of Marion, State of Indiana.   Having asked and obtained a change of venue from the judge, he was tried before a special judge, without a jury, was found guilty on June 13, 1924, and judgment imposing a fine of $100 and sentencing him to imprisonment for not less than one nor more than two years was rendered the same day.   The record recites that a motion for a new trial was filed on July 15, which would be the thirty-second day thereafter.

Overruling appellant's motion to strike out parts of the indictment, his motion to quash the indictment, his motion for a new trial, and his motion for **1-3.** a *nunc pro tunc* entry, respectively, are each properly assigned as errors.   The portion of the indictment sought to be struck out did not charge that the defendant previously had been convicted of transporting intoxicating liquor, either in an automobile or otherwise, but only that he had been three times con-

victed in the city court of Indianapolis, on named dates, of violating the provisions of ch. 4, Acts 1917 p. 15, which was also described as "the prohibition law," and by reciting its title in full.   The statute under which appellant was prosecuted and convicted (ch. 34, Acts 1923 p. 108) does not contain any reference to former convictions for the violation of other acts, as bearing upon the question of guilt or the penalty to be imposed. Therefore, the allegations as to former convictions were surplusage.   But this case was tried by the special judge without a jury, and it does not appear that any evidence was introduced or offered to be introduced of the alleged prior convictions.   Overruling a motion to strike out surplusage from a pleading is not cause for reversing a judgment on appeal unless it appears that appellant was or probably might have been prejudiced by such ruling, which is not shown here.   *Fidelity, etc., Ins. Co.* v. *Purlee* (1922), 192 Ind. 106, 107, 135 N. E. 385.

The indictment charged that on, etc., at, etc., the defendant, "did then and there unlawfully, knowingly and feloniously transport intoxicating liquor in an automobile," etc.   This language sufficiently charged a public offense, and the motion to quash was properly overruled.   *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674; *Simpson* v. *State* (1925), 195 Ind. 633, 146 N. E. 747; *Frey* v. *State* (1925), 196 Ind. 359, 147 N. E. 279; *Guetling* v. *State* (1925), 196 Ind. 643, 148 N. E. 146.

The record showing that the motion for a new trial was not filed until thirty-two days had elapsed after the finding of guilty, the questions sought to be presented under the specifications of that motion are not before us for decision.   §2325 Burns 1926, §2158 Burns 1914, §282, ch. 169, Acts 1905 p. 584. *McCutcheon* v. *State* (1911), 176 Ind. 13, 93 N. E. 545.

The record further shows that forty-eight days after the trial had ended with a finding that the defendant was guilty and the rendition of judgment imposing a fine and imprisonment, the defendant, on July 31, 1924, filed a motion for an entry, *nunc pro tunc,* as of July 12, to the effect that his motion for a new trial was filed on that day, instead of the fifteenth, as the record states. The motion was verified, and alleged that on the twelfth, an attorney representing the defendant presented the motion to the deputy clerk serving the criminal court, in the court room, but that the special judge before whom defendant was tried was not present, and, for that reason, the deputy clerk refused to receive the motion for filing or to file it. And it was accompanied by an affidavit of the deputy clerk stating that on July 12 said attorney offered to file with him a paper which said affiant believed to have been a motion for a new trial in this cause, but that, because the special judge was not present, he refused to accept and file it, and informed the attorney that he could not accept the paper for filing until directed to do so by the judge who tried the cause; and that, on July 15, the motion was presented to the special judge in the court room, and by his direction was filed. This application was overruled, and defendant excepted. No reason is shown why the motion could not have been filed "in open court" on July 12, or on the next court day, within the time allowed for filing it, except only as stated, nor does it appear that appellant or his attorney tried to reach the special judge or the court when the special judge was present within that time, or that he could not have done so if he had tried. And there is no bill of exceptions showing what proof was heard by the court at the time the motion for an entry *nunc pro tunc* was overruled, whether offered in support of the motion or in opposition to it, nor whether the motion

was submitted upon the averments contained in it and in the supporting affidavits alone, or whether other evidence was also received.   Neither is the delay of three days after the motion was presented to the clerk before it was called to the attention of the special judge, and of sixteen days more before a request was made that the record be caused to recite the filing of the motion on July 12, either excused or explained, though a person seeking to correct a record is required to show that he used due diligence.  *Lengelsen* v. *McGregor* (1903), 162 Ind. 258, 266, 70 N. E. 248.   The trial court is not shown to have erred in overruling the motion for a ruling *nunc pro tunc*.

The judgment is affirmed.