## COULTER *v.* STATE OF INDIANA.

[No. 25,603.   Filed January 25, 1929.   Rehearing denied April 16, 1929.]

*Frank Hamilton, Edgar E. Hite* and *Robert E. McKay,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

MARTIN, C. J.—The only question presented by this appeal is whether an affidavit which charged, under Acts 1925, ch. 48, §4, §2717 Burns 1926, that a defendant "did unlawfully possess intoxicating liquor," and "did unlawfully sell, barter and furnish intoxicating liquor," charged a public offense with sufficient certainty to withstand a motion to quash on the ground "that the character of the intoxicating liquors alleged to have been sold, bartered and furnished . . . was not described with sufficient certainty."

An indictment or affidavit which charges the illegal sale or possession of "intoxicating liquor" describes the liquor sufficiently. *Gavalis* v. *State* (1922),192 Ind. 42, 135 N. E. 147; *Frey* v. *State* (1925), 196 Ind. 359, 147 N. E. 279; *State* v. *Hannum* (1876),

53 Ind. 335. Appellant points out that in *Bernstein* v. *State* (1928), 199 Ind. 704, 160 N. E. 296, it was held that such a charge was insufficient to advise a defendant that he was charged with selling malt extract for use as a beverage. In that case, we did not hold that the affidavit was insufficient to properly charge a crime, but determined that the judgment was not sustained by sufficient evidence, and that, to charge a defendant with selling a liquor that is not intoxicating as a matter of law, it is necessary to inform him that he is charged with selling the liquor for beverage purposes or to advise him that such liquor is reasonably likely or intended to be used as a beverage. In the case at bar there is evidence that the appellant possessed and sold for $4, two half pints of "straight alcohol." Alcohol is included in the first division of the definition contained in §2715 Burns 1926, Acts 1925, ch. 48, §2, and the rule applied in the Bernstein case is not applicable here. *Chandsie* v. *State* (1928), 200 Ind. 493, 163 N. E. 266; *Hall* v. *State* (1928), 200 Ind. 149, 162 N. E. 51.

Judgment affirmed.