PEOPLE *v.* CHOMIS.

INTOXICATING LIQUORS—CONSTITUTIONAL LAW—SEIZURE WITHOUT SEARCH WARRANT NOT ILLEGAL WHERE FELONY BEING COMMITTED IN OFFICER'S PRESENCE.

Where a police officer entered defendant's near beer saloon and saw a bottle labeled "Imperial Whisky," behind the bar, with glasses, it was his duty to take defendant into custody and to seize the whisky, which was found to contain 51 per cent. of alcohol, although he had no search warrant, and in doing both he violated no provision of the Constitution, since he was in a public place where he had a right to be and discovered defendant committing a felony in his presence.

Error to recorder's court of Detroit; Cotter (Thomas M.), J. Submitted April 13, 1923. (Docket No. 113.) Decided June 4, 1923.

Frank Chomis was convicted of violating the liquor law, and sentenced to imprisonment for not less than 6 months nor more than 1 year in the State prison at Jackson. Affirmed.

*McClear, Stein, Newman & Penniman,* for appellant.

*Andrew B. Dougherty,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *Harry S. Toy,* Assistant Prosecuting Attorney, for the people.

CLARK, J. On July 20, 1922, police officers entered defendant's near beer saloon in Detroit. Two persons were in front of the bar. Defendant was behind it. One officer went to the end of the bar from which place he saw a "bottle of whisky standing in back of the bar," on the service bar. He saw the label, "Im-

---

For a discussion of the question of the necessity of warrant for seizure of intoxicating liquors, see notes in 3 A. L. R. 1517; 13 A. L. R. 1317; 20 A. L. R. 652.

perial Whisky." There were also glasses. He attempted to go behind the bar. Defendant resisted on the ground that the officer had no search warrant, which was the fact. The officer got the whisky and took defendant into custody. The whisky contained 51 plus per cent. alcohol by volume. Defendant was convicted of a violation of the prohibition law. On error he presents a question, properly saved for review, that in getting the whisky the officer violated the search and seizure provision of the State Constitution and that the whisky therefore should have been returned to defendant, as requested, and should not have been admitted in evidence.

The officer was in a public place. From his place without the bar, where he had a right to be, he saw the whisky, the possession of which constituted a felony. He discovered the defendant committing a felony. No search was needed to establish that fact. The whisky stood in plain view. It was the duty of the officer to take the defendant into custody and to seize the whisky. He did both practically simultaneously. He violated no provision of the Constitution. See *People* v. *Woodward*, 220 Mich. 511; *People* v. *Margolis*, 220 Mich. 431; *People* v. *Case*, 220 Mich. 379.

Other questions suggested do not merit discussion. We find no reversible error.

Judgment affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.