## Commonwealth v. Johnson.

(Decided January 20, 1925.)

### Appeal from Perry Circuit Court.

1. Intoxicating Liquors—Evidence of Possession Held Sufficient to go to Jury.—Where sheriff, proceeding to arrest accused under warrant, saw saddle pockets from which odor of liquor came, and accused, on being arrested, informed sheriff that he would not have liquor taken, there was sufficient evidence of illegal possession to go to jury.

2. Intoxicating Liquors—Odor of Liquor Entitled to Same Consideration as Evidence Obtained by Sight.—Evidence of possession of intoxicating liquor obtained by officer from seeing saddle pockets in which liquor was, and smelling odor thereof, is entitled to same consideration as that obtained by sight.

3. Searches and Seizures—Inspection of Saddle Pockets Not Unreasonable Search.—Where sheriff smelled odor of liquor emanating from saddle pockets on porch of house, his act in raising flap was not unreasonable search, though defendant had not then taken possesion of them so as to be guilty of offense in officer's presence.

FRANK E. DAUGHERTY, Attorney General, and C. W. NAPIER for appellant.

SCOTT DUFF for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

In a prosecution against Taylor Johnson on a charge of unlawfully possessing spirituous liquor, the court gave a peremptory instruction to find the defendant not guilty, and the Commonwealth prosecutes this appeal for a certification of the law.

The facts are: The deputy sheriff of Perry county had a warrant of arrest for Taylor Johnson and Demaree Bowling. In passing the residence of Sol Begley he saw defendant's horse hitched to the fence and dismounted and started in the house. On the porch he saw a pair of unusually large saddle pockets from which emanated the odor of liquor. The sheriff smelled this and thereupon raised the flap of the pockets and saw therein about four gallons of whiskey in jars. He thereupon opened the door and found Johnson and Bowling in the room. He undertook to serve the warrant of arrest by first reading to Johnson the warrant for him and turned to Bowling for

the same purpose; when Johnson drew a pistol and caused him to desist, whereupon Bowling placed the saddle pockets on Johnson's horse and the two rode away. In the discussion Johnson told the sheriff that he did not care to go with him on the warrant of arrest but that he did not want his "stuff" taken; that he and Bowling had pledged each other and their God that no man would take the liquor without a search warrant.

The lower court seems to have been of the opinion that as the sheriff had no search warrant his action in raising the lids of the saddle pockets constituted an unreasonable search of defendant's effects; that as he did not otherwise see the liquor and the defendant objected to being searched, the officer had no right to arrest him; that there was no other evidence of unlawful possession and therefore he directed a verdict of not guilty.

In this the learned judge was sadly in error. Independent of the examination of the saddle pockets and thus seeing the liquor, there was sufficient evidence in this case to take it to the jury. The sheriff saw the saddle pockets containing the liquor and smelled the odor thereof. We have repeatedly held that evidence thus obtained is entitled to the same consideration as that obtained by sight. Com. v. Diebold, 202 Ky. 315; Abraham v. Com., 202 Ky. 491; Dolan v. Com., 203 Ky. 400. Further the defendant defiantly informed the officer that he would not have his "stuff" taken and that he and Begley had pledged each other and their God that no man would take their liquor without a search warrant. In connection with the other circumstances this was a confession of having liquor in his possession, and these facts would have warranted a submission of the question to the jury and have been sufficient to uphold a verdict.

To go a step further, the officer saw the saddle pockets and smelled the liquor therein, and was thus advised as to their contents; any person who then took possession of them committed the offense of having possession of spirituous liquor in the presence of the officer, and it thus became the officer's duty to arrest and search the offender. If this had been done the contents of the saddle pockets would necessarily have been exposed to view. Ingle v. Com., 204 Ky. 519. If the presence of the saddle pockets and the odor emanating therefrom would justify an arrest and search of the one taking them in possession, it is a mere quibble to say that their inspec-

tion by the officer under such circumstances, before they were taken in possssion by defendant, constituted an unreasonable search. The defendant committed a flagrant violation of law without palliation or excuse. It is much to be regretted that a reversal cannot be had for another trial. As it is this opinion is certified as the law of the case.