# McGinnis v. Commonwealth, For the Use and Benefit of The City of Lawrenceburg.

(Decided March 27, 1925.)

## Appeal from Anderson Circuit Court.

1. Criminal Law—Evidence of Accused's Voluntary Production of Liquor in His Possession Not Inadmissible as Obtained Without Search Warrant.—Evidence of accused's voluntary production of liquor in his possession held admissible as corroborating confession to officers, over objection that it was obtained without search warrant, even assuming that at the time he produced the liquor accused was under arrest.

2. Intoxicating Liquors—Conductor's Permission to Officers Held to Justify them in Searching Caboose Without Search Warrant.— Conductor's permission to officers to search caboose in which accused brakeman slept held to justify them in searching for liquor therein, without a search warrant.

3. Criminal Law—Bottles of Liquor Discovered After Legal Search Held Admissible Against Accused.—Bottles of liquor discovered after legal search, and ownership of which accused voluntarily admitted, held admissible against accused, in prosecution for possession.

J. J. McBRAYER for appellant.

WM. E. DOWLING, City Attorney, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Appellant appeals from a judgment of the Anderson circuit court adjudging him guilty of the unlawful possession of intoxicating liquors and fixing his punishment at a fine of $100.00 and confinement in the county jail for a period of 30 days.

On July 22, 1924, and for some time prior thereto, appellant was employed by the Southern Railroad Company as a brakeman. He was permitted to sleep in a caboose belonging to his employer. On the night of July 22nd, one McGaughey, a railroad detective, who suspected appellant of having moonshine whiskey in his possession, together with O. W. McIntosh, another railroad detective, Charles N. Wiard, a United States commissioner, and W. S. McBrayer, a night policeman of the city of Lawrenceburg, came to the caboose, in which ap-

pellant was and which was in the yards on a siding near the depot at Lawrenceburg. They had no search warrant or any other warrant. On entering the caboose McGaughey told appellant, who recognized all of these men except Wiard, that he "was sorry but he would have to detain him." McGaughey then introduced to appellant Wiard as a United States commissioner. McGaughey next inquired for the conductor of the crew of which appellant was a member, and on learning his whereabouts sent after him. It appears that McGaughey wished to get this conductor's permission to search the caboose. While they were waiting for the conductor, and without any search being made and without appellant being plied with any questions whatever, he blurted out that he knew why the men were there and that he had some whiskey in his locker and would get it and that the other members of the train crew were blameless for his possession of this liquor. He thereupon went to his locker and produced a suit case with eighteen pints of moonshine liquor therein. When the conductor arrived he readily gave permission to have the caboose searched. Under a cushion on a bench, four other bottles of moonshine liquor were found, and appellant voluntarily admitted the ownership of them. McBrayer thereupon arrested appellant for the unlawful possession of moonshine whiskey. Appellant insists on this appeal that all the evidence concerning what transpired in the caboose, including the finding of the whiskey there, should be excluded because obtained without a search warrant. It is obvious that there is no merit in this contention. The whiskey which appellant produced was not found by reason of any search, nor by reason of any force applied to appellant. Conceding that appellant was under arrest while the men were waiting for the conductor, a question which we do not decide, yet the production of the whiskey on his part was voluntary and not the result of any search, on the part of the officers. Inasmuch as appellant was not questioned, it could hardly be contended that any confession he might have made on this occasion would not have been admissible in evidence against him, and we regard his actions in producing the whiskey as no more than corroborating the confession he did make to the officers that he knew why they were there and that the rest of the train crew were blameless. Furthermore, the caboose was not in appellant's exclusive control. The conductor of the

train had as much right to the control of it as had appellant, and when the conductor gave permission to search the caboose the officers were within their rights in making the search.  The four bottles found under the cushion were discovered in a perfectly lawful search, and as appellant freely admitted his ownership of them the evidence discovered in this connection was plainly admissible.

For these reasons the judgment of the lower court is affirmed.