## Brown v. Commonwealth.

(Decided March 27, 1925.)

Appeal from Hardin Circuit Court.

1. Arrest—Intoxicating Liquors—Unmistakable Odors of Liquor from Accused's Automobile Held to Authorize Officer to Take Possession of Liquor and Arrest Accused.—Unmistakable odor

of liquor emanating from accused's automobile held sufficient to authorize officer to take possession of liquor and to perform all acts necessary therefor, as well as to arrest accused.

2. Intoxicating Liquors—Confession of Guilt Before Arrest Held Admissible.—Where accused, upon returning to his automobile, saw an officer and a police judge about it, from which odors of liquor emanated, his announcement to the police judge, "I plead guilty, and I want you to be as easy with me as you can," held admissible as a confession in a prosecution for unlawful possession.

3. Searches and Seizures—Accused's Consent to Officer's Search of his Car Held Waiver of Issual of Search Warrant.—Accused's consent to officer's search of his car held a waiver of issual of a search warrant.

J. E. WISE and H. E. JAMES for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assastant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, Sam Brown, was indicted, tried and convicted in the Hardin circuit court, upon the charge of unlawfully possessing intoxicating liquor. The court overruled his motion for a new trial and he has appealed, relying for a reversal solely upon the ground that the evidence for the Commonwealth was incompetent, it not having been obtained by a search warrant.

The substance of the testimony introduced by the Commonwealth, and which was undenied, was: That defendant's automobile was parked in front of a pool room in the town of Vine Grove and a citizen passing by inhaled strong odors of liquor and soon discovered that they emanated from the automobile. He informed the chief of police and that officer also detected the unmistakable odor of whiskey from the same source. He then went to defendant and stated to him that he, witness, believed the automobile contained whiskey and in effect stated to him he was satisfied of the fact and "would have to investigate." Defendant asked him if he had a search warrant and he answered in the negative, but said that he could procure one in a few minutes, although he did not say to defendant that such was his purpose. Defendant thereupon stated that he would like to consult a friend in town, to which the officer consented, and defendant went away and was gone about thirty minutes. In the meantime, the police judge of the town arrived and he, too, smelled the odors of the whiskey, and as defendant

returned he discovered the presence of the police judge and announced to him, "I plead guilty, and I want you to be as easy with me as you can." At the same time he requested the two officers not to humiliate him by exposing the contents of his automobile at that place where a considerable number of people were present, and suggested that they drive to some private place for that purpose. He thereupon got in the machine with the two officers and they drove to the private garage of the police judge and defendant, himself, unlocked a box in the rear of his automobile and took therefrom thirty-five gallons and one pint of moonshine whiskey.

It clearly appears that defendant was never placed under arrest until after he had made his guilty statements to the police judge, upon his return from seeing his friend. It would, therefore, seem that there is but little ground supporting counsel's contention that the evidence was incompetent. Even without his voluntary confession to the police judge we are strongly of the opinion that the evidence obtained from the unmistakable odors from the automobile was sufficient to authorize the officer to take possession of the whiskey and to do and perform all acts necessary therefor, as well as to arrest defendant. Commonwealth v. Johnson, 206 Ky. 701; Best v. Commonwealth, 207 Ky. 178; Commonwealth v. Diebold, 202 Ky. 315; Abraham v. Commonwealth, idem 491, and Dolan v. Commonwealth, 203 Ky. 400. But it is not necessary for the purpose of the opinion to rest it upon that ground, since defendant, himself, not only confessed to his guilt under such circumstances as made the confession competent, but he likewise consented to the searching of his automobile, in which case he waived the issual of a search warrant even if, under the facts, one was otherwise required. Marshall v. City of Newport, 200 Ky. 663; Gray v. Commonwealth, 198 Ky. 610; Smith v. Commonwealth, 197 Ky. 192, and Patterson v. Commonwealth, 206 Ky. 558. A late case whose facts in all their essentials are strikingly similar to those appearing in this one is McGinnis v. Commonwealth, 208 Ky. 239, in which we held that a search warrant was unnecessary.

It is, therefore, clear that the contention of counsel is wholly without merit, and that being true the judgment must be and it is affirmed.