PEOPLE v. KRAHN.

ARREST—SEARCH AND SEIZURE WITHOUT WARRANT—INTOXICATING LIQUORS—REASONABLE GROUNDS FOR SUSPICION.

Where a deputy sheriff received information that accused were driving a wagon load of "booze" along a public highway, and the jugs containing whisky were visible to him as he approached the wagon, though they had been

covered with green hay, he had reasonable grounds for suspicion, and it was his right and duty to search and arrest the accused, who were committing a felony in his presence although he had no warrant therefor.[1]

Exceptions before judgment from Clare; Hart (Ray), J.    Submitted January 15, 1925.    (Docket No. 128.)    Decided April 3, 1925.

William Krahn and Godfrey Klann were convicted of violating the liquor law.    Affirmed.

*John Quinn,* for appellants.

*Andrew B. Dougherty,* Attorney General, and *T. Carl Holbrook,* Prosecuting Attorney, for the people.

CLARK, J.    Exceptions before sentence.    Conviction under the prohibition law.    Defendants in the daytime drove a team and wagon along a public highway in Clare county.    In the wagon box they had two jugs, 24 two-quart cans, and a keg, all containing moonshine whisky.    The containers had been covered with green hay, which had settled so that the tops of the jugs were visible.    City marshal Erter of Clare, observing this, reported to a deputy sheriff, who, meeting defendants on the highway, searched the wagon, seized the whisky, and arrested defendants. That he might so search and arrest, without warrant for either, is the main question in the case.

At the instant of search, which preceded arrest momentarily, the deputy sheriff had the following for reasonable and probable cause to believe that intoxicating liquor was being unlawfully possessed or transported in his presence:

(*a*) Complaints, by whom not disclosed, had come in that defendant Krahn was making and selling whisky,

---

[1]Arrest, 5 C. J. § 28; Intoxicating Liquors, 33 C. J. § 376.
    230—Mich.—34.

(*b*) The marshal's report of his observations and opinion that defendants had a load of "booze,"

(*c*) His own observations of the situation above stated at the instant of search.

In these circumstances, that the officer might search, without warrant, is settled by *People* v. *Kamhout*, 227 Mich. 172, from which we quote:

"What we do state to be the rule by which this court will be governed is, that if an officer, charged with the enforcement of the law, from the exercise of his own senses, or acting upon information received from sources apparently so reliable that a prudent and careful person, having due regard for the rights of others, would act thereon, has reasonable and probable cause to believe that intoxicating liquor is being unlawfully transported in an automobile in his presence, he may arrest the offender or search for and, if found, seize the contraband therein without a warrant to do so."

And so finding defendants committing a felony in his presence, it was the right and the duty of the officer to arrest. *People* v. *Chomis*, 223 Mich. 289.

Other exceptions do not require reversal.

Cause remanded with direction to proceed to judgment.

McDonald, C. J., and Bird, Sharpe, Moore, Steere, Fellows, and Wiest, JJ., concurred.