## EILER *v.* STATE OF INDIANA.

[No. 24,596. Filed October 13, 1925.]

1. INTOXICATING LIQUORS.—*Act of 1923 making transportation of liquor in automobile a felony was constitutional.*—The act of 1923 (Acts 1923 p. 108) making the transportation of intoxicating liquor in an automobile a felony was constitutional and valid. p. 564.

2. INTOXICATING LIQUORS.—*Affidavit charging transportation of liquor in automobile held sufficient.*—An affidavit charging that, at time and place named, the defendant did unlawfully and feloniously transport intoxicating liquor in an automobile then and there driven by the defendant was sufficient. p. 564.

3. INTOXICATING LIQUORS.—*Instruction defining word "transport" as removal from one place to another not misleading as applied to the evidence.*—In a prosecution for transporting intoxicating liquor, an instruction that the word "transport" meant "to remove from one place to another" was not misleading where the only evidence that the defendant "trans-

Eiler v. State—196 Ind. 562.

ported" any liquor was that he drove along a highway in an automobile containing intoxicating liquor. p. 564.

4. SEARCHES AND SEIZURES.—*Authority of officer, without warrant, to search person and vehicle of one actually committing felony stated.*—The authority of a peace officer, without a warrant, to arrest a person engaged in the actual commission of a felony, and to search him and his vehicle recently or at the time being used in its commission, depends upon whether the officer has reasonable and probable cause to believe, and act on the belief, that a felony is being or has been recently committed by such person or by means of the articles that are in the vehicle or on the person searched. p. 567.

5. SEARCHES AND SEIZURES.—*Specific search of automobile for intoxicating liquor held to be unreasonable and forbidden by the constitution.*—A search by officers of defendant's automobile, made without a search warrant, before defendant had been placed under arrest for any cause, without any probable cause to believe that liquor was being transported by defendant in said car or that a felony was being committed, constitutes an "unreasonable" search of the person and effects of the driver of the automobile, forbidden by Art. 1, §11, of the Constitution. p. 569.

6. CRIMINAL LAW.—*Information and liquor obtained by officers in unlawful search of automobile should be excluded in trial of driver on charge of transporting liquor.*—Information obtained by officers making an unlawful search of an automobile, and intoxicating liquor found in such search, should be excluded, on proper objection made, in the trial of the driver of such automobile on the charge of feloniously transporting liquor therein. p. 569.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Jesse Eiler was convicted of transporting intoxicating liquor in an automobile, and he appeals. *Reversed.*

*Walterhouse & Miller,* for appellant.

*U. S. Lesh,* Attorney-General and *Ethan A. Miles,* for the State.

EWBANK, J.—A motion to quash each count of the affidavit was overruled, and evidence having been heard, the jury returned a verdict finding the defendant "guilty of transporting intoxicating liquor as charged."

Under his first assignment of errors, appellant attacks the sufficiency of the first count, which charged that, at a time and place named, the defendant and Myrtle Eiler "did then and there unlawfully and feloniously haul and transport intoxicating liquor in an automobile then and there being driven by the said Jesse Eiler and Myrtle Eiler," etc.

The statute charged to have been violated (§1, ch. 34, Acts 1923 p. 108) is constitutional and valid, and the affidavit was sufficient. *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674; *Simpson* v. *State* (1925), 195 Ind. 633, 146 N. E. 747; *Frey* v. *State* (1925), *ante* 359, 147 N. E. 279; *Guetling* v. *State* (1925), *post* 643, 148 N. E. 146.

Appellant asked, and upon his request, the court gave, an instruction (in part) as follows: "5. * * *. The word transport means to carry or convey from one place or country to another. And in this case unless you find from the evidence, beyond a reasonable doubt, that the defendants were carrying or conveying from one place to another the intoxicating liquor found in their possession, you should return a verdict of not guilty." And, of its own motion, the court also gave an instruction (also numbered 5) stating that "the term 'transport' as used in this statute means to carry over or across, or to convey from one place to another or (our italics) *to remove from one place to another*." Appellant insists that the definition of "transport" as meaning "to remove from one place to another" tended to mislead the jury into the belief that any movement of intoxicating liquor, however slight, would constitute transportation. The only evidence that appellant "transported" any intoxicating liquor was that he drove along a public highway in an automobile, with some fruit jars that contained whisky lying on the seat of the car. As applied to such evi-

dence, when construed in connection with the direction to find a verdict of not guilty unless defendant was found to have been "carrying or conveying from one place to another the intoxicating liquor" in question, the words complained of could not have misled the jury to appellant's prejudice. This case presents no question as to whether or not the words "to remove from one place to another," as used in this definition of "transport," could mislead a jury if there had been evidence that defendant "removed" a bottle of whisky from one pocket in his coat to another, or from one shelf to another in his pantry. There was no such evidence. And it is not necessary for us to consider and we do not decide whether or not such an instruction might constitute reversible error as applied to evidence of facts different from those proved in the case at bar.

A question is presented for decision which arises out of the following facts: The evidence showed, without dispute, that two deputy sheriffs and two policemen were driving west on a highway in or near the city of Muncie, just after dark, when they saw the lights of what proved to be a one-seated automobile coming from the west, about a quarter of a mile away; that the officers dimmed the lights of their car and immediately turned them on, bright, again, and the driver of the approaching automobile did the same; that the officers again dimmed their lights and turned them on, and once more the driver of the other car did the same; that the cars were approaching each other from opposite directions while this was being done, and, as they came up beside each other, the officers "jumped out and stopped defendant's car" and "blockaded the road"; that defendant was sitting behind the wheel and driving the other automobile when the officers got to it, with Myrtle Eiler (his wife) beside him; that the officers command-

ed both of them to get out, and, when they did so, looked in the car seat; and over objections and exceptions by defendant, witnesses were permitted to and did testify that on the cushion behind where the wife had been sitting in the car were found two glass fruit jars which, on examination, were each found to contain a quart of "white mule whisky, of strong alcoholic content"; and over a further objection and exception, the jars and contents were introduced and admitted in evidence. There was no evidence tending to prove that the officers had a search warrant, or that they knew any facts from which they believed and had reason to believe that an automobile carrying intoxicating liquor was being driven along that road which responded or would respond to signals made by dimming the lights of a car coming from the other direction and flashing them on again, or that they knew, or, from any cause, had reason to believe before the search was made, or until the whisky actually was found by searching the car after it was stopped and the occupants had been compelled to get out, that defendant or the car he was driving was carrying intoxicating liquor, or that, before the search was made, the officers had placed defendant or his wife under arrest, or knew or had reason to believe that he or she was guilty of any offense for which they were subject to arrest. The officers testified that they had no warrant for the arrest of either of them, and had no warrant to search their automobile, and that the arrests were made after the whisky was found in their car.

The admission in evidence of testimony as to what was discovered by searching defendant's car under the circumstances, and of the jars and contents obtained by means of such search, is complained of as error. The statute provides that "when any sheriff, constable or police officer or any officer of the law shall discover any

person in the act of transporting in violation of the law, intoxicating liquor in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law." §5 Acts 1921 p. 736, §8356a1 Burns' Supp. 1921. And such transportation, except for the purposes and uses not prohibited by law, is made a felony. Acts 1923 p. 108.

The rule at common law was that "in case of felony actually committed, or a dangerous wounding whereby felony is likely to ensue (the constable) may upon probable suspicion arrest the felon; and for that purpose is authorized to break open doors" without a warrant. 4 Blackstone, Comm. 292; *Ballard* v. *State* (1885), 43 Ohio St. 340, 1 N. E. 76.

The authority of a peace officer, without a warrant, to arrest a person engaged in the actual commission of a felony, and to search him and his vehicle

4. for articles recently or at the time being used in its commission, depends upon whether the officer has reasonable and probable cause to believe and act on the belief that a felony is being or has been committed by such person, or by means of articles that are in the vehicle or on the person searched. Thus, seeing a package that contains intoxicating liquor in an automobile and having knowledge of facts which support an inference that it does contain such liquor and is being transported therein, may justify a search. *Thomas* v. *State* (1925), *ante* 234, 146 N. E. 850; *Guetling* v. *State, supra; Farrell* v. *Commonwealth* (1924), 204 Ky. 548, 264 S. W. 1078; *Inge* v. *Commonwealth* (1924), 204 Ky. 518, 264 S. W. 1088; *People* v. *Krahn* (1925), 230 Mich. 528, 203 N. W. 105; *State* v. *Quinn* (1918), 111 S. C. 174, 97 S. E. 62, 3 A. L. R. 1500; *Hughes* v. *State* (1921), 145 Tenn. 544, 238 S. W. 588, 20 A. L. R. 639; *State* v. *Miller* (1922), 121 Wash. 153, 209 Pac.

9; *Pinder* v. *United States* (1925), 4 Fed. (2nd) 390; *Lafazia* v. *United States* (1925), 4 Fed. (2nd) 817; *United States* v. *Vatune* (1923), 292 Fed. 497.

And detecting the smell of liquor, together with knowledge of facts indicating that it is being transported, has been held by some courts to justify searching an automobile from which the odor issues to find and seize the liquor it contains. *Commonwealth* v. *Johnson* (1924), 206 Ky. 701, 268 S. W. 345; *Brown* v. *Commonwealth* (1925), 208 Ky. 345, 270 S. W. 833; *State* v. *Godette* (1924), 188 N. C. 497, 125 S. E. 24.

Information received from credible and reliable sources that a designated person, or the person operating a designated automobile, is engaged in the commission of a felony by the unlawful transportation of intoxicating liquor has been held by other courts to justify a sheriff or constable in arresting the accused driver and searching his car for intoxicating liquor; as where special officers detailed to investigate unlawful shipments telephoned their chief that a load of intoxicating liquor in an automobile bearing a certain license number was being driven toward his town along a designated highway. *State* v. *District Court* (1925), 232 Pac. (Mont.) 201; see, also, *Moore* v. *State* (1925), 103 So. (Miss.) 483.

And different federal courts, including the Supreme Court of the United States, have held that information from a credible source, together with facts known to or observed by the officers indicating that such information is correct, may constitute such reasonable and probable cause as will justify searching an automobile for intoxicating liquor without a warrant. *Brady* v. *United States* (1924), 300 Fed. 540; *Lafazia* v. *United States, supra; Carroll.* v. *United States* (1925), 267 U. S. 132, 45 Sup. Ct. 280, 69 L. Ed. 543.

But an officer who has not learned through the exer-

cise of his senses of sight, smell, hearing, etc., or from other reliable source of information, facts that would justify a reasonably prudent person in believing and acting on the belief that a felony is being committed in his presence, or has been committed, of which evidence is contained in the automobile, cannot lawfully search a car on mere suspicion that it carries intoxicating liquor, or as part of a plan for searching all passing automobiles to discover and apprehend violators of the law. Such action constitutes an "unreasonable search" of the person and effects of the driver of the automobile, forbidden by Art. 1, §11, of the Constitution of the State of Indiana. §63 Burns 1926.

The facts of this case, as above set out, do not show that the officers had such reasonable and probable cause for believing defendant guilty of a felony as authorized a search of his automobile. And since the search was made in violation of the Constitution, the evidence thereby obtained should have been excluded, upon proper objections made, when it was offered against him. *Batts* v. *State* (1924), 194 Ind. 609, 144 N. E. 23.

The judgment is reversed, with directions to sustain the motion for a new trial.