PEOPLE *v.* BRINGARDNER.

INTOXICATING LIQUORS—SEARCHES AND SEIZURES—EVIDENCE—ADMISSIBILITY.

In a prosecution for illegally possessing and transporting intoxicating liquor, where the officer making the arrest searched defendant's automobile without a warrant, the liquor found therein was admissible in evidence if the

officer had reasonable grounds to suspect that defendant was committing a felony in his presence, or if defendant consented to the search.[1]

Exceptions before judgment from Jackson; Parkinson (James A.), J.        Submitted June 12, 1925. (Docket No. 98.)        Decided January 28, 1926.

Roy Bringardner was convicted of violating the liquor law.    .Affirmed.

*McClear, Newman, Penniman & Toy,* for appellant.

*Andrew B. Dougherty,* Attorney General, *John Simpson,* Prosecuting Attorney, and *Harry E. Barnard,* Assistant Prosecuting Attorney, for the people.

SHARPE, J.    Defendant was charged with and convicted of possessing and transporting intoxicating liquor.    His exceptions before sentence present the questions that a search of his automobile by a police officer on a public highway was unreasonable and unlawful, and that therefore the arrest which followed immediately was illegal.    At the instant of the search the officer had the following for reasonable and probable cause to believe that intoxicating liquor was being unlawfully possessed and transported in his presence, quoting testimony of the officer:

"I had information that a Dodge coupé with an Indiana license was making two trips a week from Detroit to somewhere in Indiana hauling a load of liquor.    *    *    *

"Q. Did you receive it (the information) by word of mouth or letter or otherwise?

"A. I had some conversation with an acquaintance of mine, and he told me.    *    *    *

"Q. Was the person described to you by this informant of yours?

"A. He said he was a young fellow and said he looked like a Jew.

"Just previous to this (search of defendant's car)

---

[1] Criminal Law, 16 C. J. § 1110.

I arrested a fellow by the name of Paul Seach, about a half hour before we stopped Mr. Bringardner.   He said there was another coupé behind him with an Indiana license that had a load of liquor.   *   *   *

"*Q.* What kind of a car (defendant's) was it?

"*A.* It was a Dodge special coupé.

"*Q.* What kind of a license on it?

"*A.* Indiana license.

"*Q.* Did you notice anything relative to the position of the springs of the car?

"*A.* The springs were quite low."

In these circumstances the officer had the right to search the automobile without a warrant.   *People* v. *Kamhout,* 227 Mich. 172; *People* v. *Krahn,* 230 Mich. 528.   And finding defendant committing a felony in his presence it was the right and the duty of the officer to arrest.   *People* v. *Chomis,* 223 Mich. 289.

Affirmed, and judgment advised.

STEERE, FELLOWS, and MCDONALD, JJ., concurred with SHARPE, J.

BIRD, C. J.   The question of whether defendant consented to the search was one for the jury.   On that ground I concur.

WIEST, J., concurred with BIRD, C. J.   CLARK, J., did not sit.

Justice MOORE took no part in this decision.