PEOPLE *v.* MUSHLOCK.

INTOXICATING LIQUORS—SEARCHES AND SEIZURES—EVIDENCE—AD-
MISSIBILITY—COMMITTING FELONY IN OFFICER'S PRESENCE.

In a prosecution for the unlawful possession of intoxicat-
ing liquors, where it appeared that an officer, concealed
near the back door of defendant's soft drink place, saw
persons leaving under the influence of liquor, discovered
the place where the liquor was hidden, saw defendant place
a two-quart glass can therein, inspected it and detected
the odor of moonshine whisky, saw defendant come and
get the can, called to defendant, who threw away the
can and ran, the broken glass and some of the whisky
which the officer recovered were admissible in evidence
over defendant's objection that said evidence was pro-
cured by unlawful search, since the officer knew, from the
information so received, that defendant was committing
a felony in his presence.[1]

Exceptions before judgment from Cheboygan; Shep-
herd, J.    Submitted January 14, 1926.    (Docket
No. 148.)    Decided March 20, 1926.

John Mushlock was convicted of violating the liquor
law.    Affirmed.

*Collins & Thompson,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Ward
I. Waller,* Prosecuting Attorney, for the people.

CLARK, J.    Defendant was convicted of possessing
intoxicating liquor.    Exceptions before sentence
present the question that the evidence against him was
procured by an unlawful search of his premises, and
therefore ought not to have been received.    Defend-
ant conducted what was known as a soft drink place.

[1]Intoxicating Liquors, 33 C. J. § 376.

Complaints were made to the sheriff to the effect that intoxicating liquor was being dispensed there. A back way was used commonly by patrons of the place. The sheriff, concealed near the back way and back door, watched. He saw persons leave under the influence of liquor. He discovered the place where the liquor was hidden, a "cubby-hole" behind the building and partially covered by roofing paper, in which he saw the defendant, several times, place a two-quart glass can. Entering by the back way the officer, through the opening, saw the can and there detected the odor of moonshine whisky. He returned to his hiding. Presently defendant came again for the can. The sheriff came out and called "Stop, John Mushlock." Defendant threw the can from him and ran. The officer recovered some of the whisky and some of the broken glass, which were received in evidence.

The officer knew from such information so received that defendant was committing a felony in his presence. The knowledge was gained without unlawful search. In principle the case is like *People* v. *Chomis,* 223 Mich. 289; *People* v. *Woodward,* 220 Mich. 511.

Affirmed and judgment advised.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.