## HANGER *v.* STATE OF INDIANA.

[No. 25,308. Filed March 15, 1928.]

1. INDICTMENT AND AFFIDAVIT.—*Failure of clerk to indorse on affidavit date of filing not ground for reversal.*—The failure of the clerk to indorse on an affidavit the date of filing, as required by §2152 Burns 1926, would not injure the defendant in any way and, therefore, would not be ground for reversal where the record showed that the affidavit was approved by the prosecuting attorney and filed by him. p. 729.

2. INTOXICATING LIQUORS.—*Officers held to have had reasonable and probable cause to arrest defendant without warrant and thereafter to*

*examine jugs in his automobile.*—Where a sheriff received information by telephone that "those cars are in at R's again" from one who saw defendant load jugs into his automobile and who later, as a deputy sheriff, assisted the sheriff in arresting defendant, and where defendant, upon approaching the officers stationed on the highway awaiting his appearance, abandoned his automobile and fled until overtaken and arrested, the officers making the arrest had reasonable and probable cause to arrest defendant without a warrant and to examine the contents of the jugs in his automobile without a search warrant. p. 730.

3. INTOXICATING LIQUORS.—*Officer's duty to seize when being transported in automobile contrary to law.—Reasonable and probable cause for searching automobile without a warrant.*—Section 2748 Burns 1926 makes it the duty of an officer of the law who discovers any person in the act of transporting intoxicating liquor in an automobile in violation of law to seize such liquor; and an officer's information from a credible source, together with his belief reasonably arising out of circumstances known to him, may constitute reasonable and probable cause that will justify a search without a warrant. p. 731.

4. ARREST.—*When peace officers may arrest for felony.*—Peace officers may arrest without a warrant when they have reasonable and probable cause for believing a felony is being, or has been, committed by the person arrested. p. 732.

5. SEARCHES AND SEIZURES.—*Search of automobile as incident of arrest.*—Since the transportation of intoxicating liquor in an automobile constitutes a felony (§2720 Burns 1926), officers who had reasonable and probable cause for believing that one driving an automobile was unlawfully transporting intoxicating liquor therein could lawfully arrest the driver of the car and thereafter search the automobile as an incident of the arrest. p. 732.

6. INTOXICATING LIQUORS.—*When officer may search automobile being used for unlawful transportation of intoxicating liquor.*—If an officer, from the exercise of his own senses, coupled with information from sources so reliable that a prudent and careful person, having due regard for the rights of others, would act thereon, has reasonable and probable cause to believe that the offense of unlawful transportation of intoxicating liquor in an automobile is being committed in his presence, and he has no opportunity to obtain a warrant, he may search and seize the automobile which is believed to be carrying such contraband liquor (*Batts* v. *State*, 194 Ind. 669, *Morgan* v. *State*, 197 Ind. 374, and *Boyd* v. *State*, 198 Ind. 55, distinguished). p. 732.

From Parke Circuit Court; *Howard Maxwell,* Judge.

Elzie Hanger was convicted of transporting intoxi-

cating liquor in an automobile, and he appeals.　*Affirmed.*

*Joseph J. Ryan,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Bernard A. Keltner,* Deputy Attorney-General, for the State.

MARTIN, J.—Appellant was charged by affidavit in one count with the unlawful transportation of intoxicating liquor in an automobile, under Acts 1925, ch. 48 §7, §2720 Burns 1926, was tried, found guilty, fined and sentenced to imprisonment.

He assigns as error the overruling of his motion to quash the affidavit and his motion for a new trial. Under points and authorities in his brief, he 1. cites §2151 Burns 1926, to the effect that the clerk shall indorse on the affidavit the date of filing and record the same. No application of this statute is made to this appeal, but even if objection to such an omission by the clerk had been properly presented, it would not in any way injure the defendant or furnish him any valid ground of reversal, when the record, as here, recites that the affidavit was approved by the prosecuting attorney and filed by him in the trial court. *Williams* v. *State* (1907), 168 Ind. 87, 93, 79 N. E. 1079.

In his motion for a new trial, appellant alleges that the court erred in admitting in evidence a jug of white mule whisky and testimony that it was found in appellant's automobile. Appellant contends that this evidence was improper for the reason that the officers making the arrest had no search warrant nor any knowledge that a felony was being committed.

The facts proved, which were undisputed, the appellant having offered no evidence, were that on June 13, 1925, a witness, Waldo Nivens, who, as deputy sheriff, later assisted in making the arrest, saw appellant and others loading jugs into two automobiles at the home of

an Italian farmer named Roshie in Parke county. He had also seen them there on former occasions. The sheriff, upon receiving a telephone message from Nivens that "Those cars are in at Roshie's again," stationed himself and several deputies along the public road. When appellant in his automobile approached two of the deputy sheriffs, who were sitting on the running board of their automobile, they arose. One of these deputies had a revolver in a holster strapped on his person. The other was unarmed, but had a gun in his automobile. The appellant, before reaching the deputies, jumped from his car, leaving the engine running and ran north through a pasture field. Some of the deputies followed the appellant, who proceeded through a woods and was found in an abandoned coal mine in the vicinity. One of the deputies shut off the engine of appellant's automobile and later drove it to the coal mine, where the sheriff placed appellant under arrest. The officers found in appellant's open Ford automobile five five-gallon jugs of white mule whisky.

The state sought to prove what further and more exact information the sheriff had upon which he acted, but the court, under the mistaken assumption that the hearsay rule applied, refused to permit him to testify as to what he had been told, other than as above set out. However, upon the facts we have stated, especially the fact that appellant abandoned the automobile and fled, see *State* v. *Godette* (1924), 188 N. C. 497, 125 S. E. 24, we believe that the officers had reasonable and probable cause to arrest appellant without a warrant, and to examine, without a search warrant, the contents of the jugs which Nivens had seen placed in appellant's automobile. *Murphy* v. *State* (1926), 197 Ind. 360, 151 N. E. 97; *Thomas* v. *State* (1925), 196 Ind. 234, 146 N. E. 850; *Koscielski* v. *State* (1927), *ante* 546, 158 N. E. 902; *Carroll* v. *United States* (1923),

267 U. S. 132, 45 Sup. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790.

Section 2748 Burns 1926, provides that:

"Where . . . any officer of the law shall discover any person in the act of transporting, in violation of the law, intoxicating liquor in
3. any . . . automobile . . . it shall be his duty to seize any and all intoxicating liquor found therein being transported contrary to law."

Speaking of a similar statute, the United States Supreme Court in *Carroll* v. *United States, supra,* used the following language, which was quoted with approval in *Morgan* v. *State* (1926), 197 Ind. 374, 383, 151 N. E. 98: "On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, *upon a belief, reasonably arising out of circumstances known to the seizing officer,* that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid." As this court pointed out in *Eiler* v. *State* (1925), 196 Ind. 562, 149 N. E. 62, citing three federal court cases, which have since been followed in a large number of cases: "Information from a credible source, together with facts known or observed by the officers indicating that such information is correct, may constitute such reasonable and probable cause as will justify searching an automobile for intoxicating liquor without a warrant." These principles we now reaffirm. See, also, *Lafazia* v. *United States* (1925), 4 Fed. (2d) 817; *People* v. *Garrett* (1925), 232 Mich. 366, 205 N. W. 95; *People* v. *Kamhout* (1924), 227 Mich. 172, 198 N. W. 831; *Moore* v. *State* (1925), 138 Miss. 116, 103 So. 483.

Peace officers are authorized by statute to "arrest and detain any person found violating any law of this state

until a legal warrant can be obtained," §2176 Burns 1926; they may arrest without a warrant when 4, 5. they have reasonable and probable cause for believing a felony is being or has been committed by the person arrested, *Doering* v. *State* (1874), 49 Ind. 56, 19 Am. Rep. 669; *Harness* v. *Steele* (1902), 159 Ind. 286, 64 N. E. 875, and since our statute makes the transportation of intoxicating liquor in a vehicle, etc., a felony, (§2720 Burns 1926) the officers in the case at bar, upon arresting appellant, had the further right to search appellant's automobile as an incident of his arrest, *Murphy* v. *State, supra; Thomas* v. *State, supra,* and cases there cited.

If an officer, from the exercise of his own senses, coupled with information from sources so reliable that a prudent and careful person, having due regard 6. for the rights of others, would act thereon, has reasonable and probable cause to believe that an offense of unlawful transportation of intoxicating liquor in an automobile is being committed in his presence and he has no opportunity to obtain a warrant, he may search and seize an automobile in transit with contraband liquor. *United States* v. *Hilsinger* (1922), 284 Fed. 585. See, also, *People* v. *Bringardner* (1925), 233 Mich. 449, 206 N. W. 988; *People* v. *Krahn* (1925), 230 Mich. 528, 203 N. W. 105; *Ingle* v. *Commonwealth* (1924), 204 Ky. 518, 264 S. W. 1088; *Smith* v. *United States* (1924), 2 Fed. (2d) 715; *State* v. *Nilnch* (1924), 131 Wash. 344, 230 Pac. 129.

The facts in this case clearly distinguish it from *Morgan* v. *State; supra; Boyd* v. *State* (1926), 198 Ind. 55, 152 N. E. 278; and *Batts* v. *State* (1924), 194 Ind. 609, 144 N. E. 23, where the court held that the arresting officers had no reasonable and probable cause but had merely suspicions upon which to base their arrests.

Judgment affirmed.