PEOPLE *v.* DEYO.

INTOXICATING LIQUORS—SEARCH AND SEIZURE—PROBABLE CAUSE— EVIDENCE.

> Where sheriff was informed that defendant was transporting intoxicating liquor on certain nights, and, with deputies, waited for him late at night in highway, and stepped onto running board as automobile was turning into yard, search of automobile without warrant was justified, although it preceded arrest, since search did not depend on legal arrest but on probable cause, and liquor seized was therefore admissible in evidence.

As to necessity of warrant for search or seizure of intoxicating liquors, see annotation in 3 A. L. R. 1516; 13 A. L. R. 1317; 27 A. L. R. 711; 39 A. L. R. 814.

Error to Mecosta; Barton (Joseph), J. Submitted April 17, 1930.' (Docket No. 150, Calendar No. ; 4.833.) Decided June 2, 1930.

Grant Deyo was convicted of violating the liquor law. Affirmed.

*Penny & Worcester,* for appellant.

*Wilber M. Brucker,* Attorney General, and *Fred R. Everett,* Prosecuting Attorney, for the people.

WIEST, C. J. Defendant was convicted of possessing and transporting intoxicating liquor. He was properly convicted if the court was not in error in refusing to suppress the evidence furnished by the liquor seized at the time of his arrest.

The sheriff of Mecosta county had been informed that defendant was transporting liquor by automobile to his home in the village of Morley, and could be apprehended in the act Friday or Saturday nights. The officer believed the information reliable, and, late at night, with two of his deputies, waited in the highway, saw defendant's car approach and its lights put out, and the deputies stepped on the running board as the car turned into defendant's yard. When the car stopped, defendant asked the sheriff if he had a search warrant, and was informed that he had not. By the aid of a flashlight the sheriff saw a suitcase in the car, and defendant then stated, "I have got two gallons in there; I am guilty." The sheriff did not have a search warrant, the liquor was discovered before defendant was placed under arrest, and it is contended that, under such circumstances, the seizure of the liquor was unlawful and the evidence should have been suppressed.

The search of the automobile at the time and place mentioned was justified by the information received by the sheriff, and the seizure of the liquor was not illegal, even though it preceded and was the cause for arrest of defendant. There are instances where the right of search and seizure depends upon the validity of an arrest, but such is not this case, for here the right to search and the validity of the seizure without a warrant did not at all depend upon a previous arrest. The right of the sheriff to make search and seizure rested upon whether he had reasonable cause to believe there was intoxicating liquor in the automobile.

Under the evidence before the examining magistrate, and upon the motion to suppress, the question presented is ruled adversely to defendant by *People* v. *Kamhout*, 227 Mich. 172; *People* v. *Krahn*, 230 Mich. 528; *People* v. *Bringardner*, 233 Mich. 449; *People* v. *McDonald*, 239 Mich. 253; *People* v. *Brenner*, 243 Mich. 688; *People* v. *Wallace*, 245 Mich. 310; *People* v. *Goss*, 246 Mich. 524. See, also, *Carroll* v. *United States*, 267 U. S. 132 (45 Sup. Ct. 280, 39 A. L. R. 790).

We find no error. Affirmed.

Butzel, Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.