BARHAM, Justice
(concurring).
Bill of Exception No. 2 was reserved to the trial court’s overruling a motion to suppress the introduction into evidence of the murder weapon. I concur with the majority and with the principles of law they enunciate. Because of the uniqueness of the issue presented I merely expound upon one of those principles.
It is apparently conceded that the defendant was legally arrested near Westwego and properly informed of his constitutional rights at that time. Upon being questioned he told the officers that his pistol (the alleged murder weapon) was in luggage checked at the Greyhound Bus Station in New Orleans. In a search of his person at the time of arrest, the officers removed a wallet from his pocket containing two claim checks or tags for luggage held by the bus company. When the officers presented these checks to the bus company, they were given the defendant’s luggage from the baggage department. Upon their return to Westwego, the defendant indicated the piece of luggage which contained the pistol and assisted the officers in finding it. The question for determination is whether the pistol was the fruit of an unlawful search and seizure, in violation of the Fourth Amendment to the United States Constitution and Article 1, Section 7, of the Louisiana Constitution.
The pertinent language in both Constitutions is identical and reads: “The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated * * (Emphasis mine.) Only unreasonable searches and seizures are prohibited by our constitutional provisions. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. A search made as an incident to arrest is an exception to the rule that searches are to be made on warrant issued upon probable cause. Whatever is found upon the person or within the control of one legally arrested which is unlawful for him to possess, or which may be the fruit of crime, the instrument of crime, or used in any way to prove the offense may be seized.
The pistol which was the object of the motion to suppress had been deposited with a bus company and was held at its New Orleans station. In Louisiana deposit is the civilian concept of common law bailment. La.Civ.Code Arts. 2926-2971. The depositary must restore the thing deposited in accordance with the agreement for termination of the deposit. The common carrier depositary of baggage agrees to surrender it to anyone presenting the claim check or receipt. It is presentation of the claim check which requires the depositary to terminate the deposit and relieves it from further responsibility for the. deposit. Ownership of the deposited article is not a requisite for receiving the deposit. He who possesses the claim check (in the ab *329 sence of contrary notice to the depositary) exercises the control over the thing deposited, the termination of the deposit, and the right to claim the thing deposited.
It is my conclusion that the search and seizure here were effectuated when the claim checks for the baggage were removed from the defendant’s person. At that moment the arresting officers controlled the baggage and its contents, which included an instrument of the crime. We are not here concerned with the “permissible area of search”, nor are we concerned with whether the need to seize and preserve the evidence was so urgent that the police were justified in not first obtaining a search warrant.[1]
The search of the defendant’s person and the resulting seizure, which were simply incident to the lawful arrest, gave the police the claim checks and thus yielded to them possession and control of the luggage. The obtaining of the bags, the opening of one, and the retrieving of the pistol, under the facts presented here, are the same as if the luggage had been in the hands of the defendant when he was arrested. In the one instance there is constructive possession and control, and in the other actual possession and control.
This case is to be distinguished from those which involve keys to dwellings, other buildings, rooms, compartments, or other containers. A key to a lock does not, in and of itself, confer the legal right of control and possession.[2] A depositary, such as the one here, is not to be legally equated with a lessor, a landlord, and others in similar legal relationships.
This search does not constitute a constitutionally forbidden invasion of the privacy of person, house, or effects. It is'not an “unreasonable” search forbidden by the Constitutions, for it was effectuated at the time and place of a valid arrest and was incident thereto.

. Cf. Kernick v. United States, 242 F.2d 818 (8th Cir. 1954). There the defendant was arrested in the railroad station where he had checked his bag, and the officers presented the claim check and retrieved the luggage immediately following the arrest. The court held that the search was therefore within the “permissible area of search”; it was not required to make the determination here presented. I am persuaded, however, that the result obtained in that case could have been reached under the reasoning we have applied without resort to a determination that the seizure was not “remote in time or place from the arrest”. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777.

. See People v. Perez, 219 Cal.App.2d 760, 33 Cal.Rptr. 398; Hernandez v. United States, 353 F.2d 624 (9th Cir. 1966); but compare People v. Garrett, 232 Mich. 366, 205 N.W. 95.